HOFFERBERTH v. MYERS.

(Supreme Court, Appellate Division, First Department. April 25, 1902.)

1. APPEAL—FINDINGS—CONCLUSIVENESS.
   A verdict based on conflicting evidence will not be disturbed on appeal.
2. ADJACENT WALLS—ENCROACHMENT—DAMAGES.
   Where it was adjudged in an equitable suit to compel the removal of an encroaching wall that defendant had wrongfully allowed the encroachment, so injuring plaintiff's wall as to require it to be taken down, but that such judgment was not to bar any defense to any claim for damages, and in a subsequent action for damages the court, without exception, instructed that the judgment established that defendant wrongfully permitted the encroachment, but that fact did not necessarily produce the damages for which plaintiff contended, a judgment for defendant will not be disturbed on the ground that such judgment, having established a wrongful act of defendant in permitting the encroachment, entitled plaintiff to damages at least for loss of rents during the time he was deprived of the use of the building by the taking down of the wall.
3. SAME—REVERSAL—FAILURE TO AWARD NOMINAL DAMAGES.
   Where a judgment in an equitable action to compel removal of an encroaching wall determined that defendant wrongfully permitted the encroachment, and, in a subsequent action for damages, plaintiff withdrew any claim to recovery on such judgment, and did not assert any claim for nominal damages, a judgment will not be reversed for failure to award plaintiff nominal damages, though he was entitled thereto.
   Laughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Charles Hofferberth against Frederick S. Myers. From a judgment for defendant, and an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Philip L. Wilson, for appellant.
Hamilton R. Squier, for respondent.

HATCH, J. This action was brought for the purpose of recovering damages alleged to have been caused by the wall of defendant's building leaning against the wall of plaintiff's building, and forcing the latter wall out of plumb, in such a manner that it became dangerous, a menace to the public, and was torn down by direction of the building department of the city of New York. In April, 1892, the plaintiff erected the five-story building known as No. 539 West Twenty-First street, in the city of New York. The defendant was at that time, and is now, the owner of a building standing on the westerly side of plaintiff's building, and adjacent thereto, known as No. 541, which he erected in 1888. The defendant's building was a hollow shell. Being used for the purpose of painting theatrical scenery, there were no crossbeams in it, and therefore no extra weight placed upon the side walls, and there was no cellar thereunder. There was a cellar under plaintiff's building, which extended five feet below the curb, and was dug close to defendant's east line. There were crossbeams in his building, the floors resting thereon,

and upon several of these floors there was stored heavy lumber; and this heavy weight upon defendant's side walls, and the soft ground upon which they rested, defendant contends, were the sole cause of the settling, not only of plaintiff's wall, but, on account of plaintiff's cellar being dug so close to the defendant's line, it also caused the settling and inclining of defendant's wall.

Upon a former trial of this action the plaintiff's complaint was dismissed for the reason that, at the time of the trespass by the overhanging of the defendant's wall, it was in the possession of a tenant, and that it did not appear that the defendant demised the premises prior to the invasion of plaintiff's right by such over-hanging, or that he was in any wise responsible therefor; that, in order to authorize a recovery by the plaintiff against the defendant, it was incumbent upon the former to show that the premises at the time of the demise were a nuisance, or that by some act upon the defendant's part they had become a nuisance, and, as there was no proof showing that a nuisance existed at the time of the demise, or that any act of the defendant had resulted in producing it, no recovery could be had. This court reversed the judgment and granted a new trial, based upon the ground that the evidence and circumstances of the case did not disclose that any use to which the building was put by the tenant caused the overhanging, but that it appeared that such result was due to an inherent defect in the construction of the building, and for such result the defendant might be held liable, and that whether he was or not furnished a question to be determined by the jury. The court also held that assuming that, the defendant was responsible for the condition, it also became a question for the jury to determine the damages sustained by the plaintiff, and also whether any arose from such condition. The opinion discusses fully the character and nature of the action, and the force and effect of the pleadings, at considerable length; and it is not necessary, therefore, to call further attention in detail thereto. Hofferberth v. Myers, 42 App. Div. 183, 59 N. Y. Supp. 88. It is clear from the discussion had in rendering this decision that the court regarded the questions presented by the pleadings and proof as being for determination by the jury. Upon the trial which was had following this decision, proof was given upon the part of the plaintiff tending to establish that the gradual encroachment by the defendant's wall produced injury to his wall of such a nature that the same became dangerous, and it was required to be taken down, and that therefore the act of the defendant was the primary cause of the damage which the plaintiff sustained. This proof was found in considerable oral testimony of experts and others, and the physical conditions which were observed after the plaintiff's wall had been removed; and it is undoubtedly true that the evidence would have been sufficient upon which the jury might have found a verdict in favor of the plaintiff for substantial damages. The defendant, however, gave evidence tending to controvert such theory; set up the affirmative claim, and gave evidence in support of it, tending to show that the condition which existed, and which necessitated the tearing down of the plaintiff's

wall, was due to an inherent defect in its construction, and character of the soil upon which it rested, and the uses to which it was put. Further testimony was given by the defendant tending to establish that the defendant's wall did not come in contact with the plaintiff's wall in such manner as to furnish any support therefor, or, if so, that it was slight, and did not exert a lateral pressure equal to the force of a stiff breeze; that, while the wall leaned over the plaintiff's premises, yet the support rested upon the foundation of the building, and did not so far overhang as to produce lateral pressure. It is not necessary that we state the evidence of either party in detail. It is sufficient to say that upon the whole evidence the question as to whether the plaintiff sustained damage by act of the defendant became a question for the jury. The plaintiff seems to have so regarded the case. He made no motion for the direction of a verdict in his favor, nor did he request the court to charge that he was entitled, as matter of law, to recover damages for any of the grounds stated in his complaint. On the contrary, he acquiesced in the charge of the court, which fairly submitted such questions for determination by the jury, and he took no exceptions thereto. So far, therefore, as this branch of the case is concerned, we must regard the finding of the jury as conclusive, and their verdict had sufficient evidence for its support.

It appears from the case that a prior action in equity had been brought by the plaintiff against the defendant to compel the removal of the encroaching wall. Upon the trial of that action a judgment was rendered which declared that the defendant had wrongfully permitted the said east side wall of his building to gradually encroach upon the plaintiff's building and lot, so as to endanger the plaintiff's premises. Upon the trial the plaintiff withdrew all claim for damages, and asked alone for a mandatory injunction to compel the removal of the wall, and in this respect, after reciting such fact, provided that the judgment to be entered thereon should be without prejudice to the claim of title to the land upon which the foundation of the respective buildings stood, and that the said judgment should "not be a bar to any defense defendant Myers may have to any claim for damages against him by reason of the premises." The judgment also provided that such determination should be without prejudice to the plaintiff's right to maintain an action for damages. Upon these facts the plaintiff now claims that it having been determined that the defendant was guilty of a wrongful act, in permitting the encroachment, and thereby endangered the plaintiff's premises, it follows, as a legal conclusion, that he was entitled to recover damages, at least for loss of rents during the period that he was deprived of the use of the building by taking down the wall. The effect of this judgment was considered by the court upon the former appeal, where it was said:

"It was found as a fact in that case (and the finding of this fact was necessary to justify the judgment) that the east wall of the defendant's building had been allowed to gradually encroach upon the plaintiff's premises. To that extent the judgment in that action was conclusive. Whether or not the defendant would be responsible in an action for trespass was a question not necessary to be determined upon that trial, and that question the court,

in the judgment, expressly reserved. The provision in the judgment would not affect the binding force of the adjudication that the defendant's wall did actually encroach upon the plaintiff's premises, and so injure the plaintiff's building that the west wall thereof had to be taken down and re-built. The question as to who was responsible for this encroachment of the defendant's wall, so as to be liable for the damages caused thereby, was a question not necessary for the decision of that case, and was not affected by the judgment. But when it was proved that the encroachment existed, the owner of the building, who had constructed it, and who was in possession of it, through a tenant, receiving rent, would be primarily responsible; and, unless a condition existed which relieved him from such responsibility, it seems that he would be liable for the injuries sustained."

It is therefore clear that the view of the court as to the effect of this judgment did not necessarily determine that actual damages were sustained, for which the defendant was responsible, but did determine that, if the defendant was the person responsible for the condition, he was liable for such damages as the plaintiff sustained. The judgment did not assume to determine that any damages were in fact sustained by the encroachment, and the most that could be claimed as its effect upon this question, in the absence of all other proof, would be to entitle the plaintiff to recover nominal damages therefor. The plaintiff, however, made no such claim upon the trial upon this subject. The court charged the jury that such judgment established the fact that Myers wrongfully permitted the east side wall of his building to gradually encroach upon the plaintiff's building and lot, but that such fact did not necessarily determine that the defendant suffered or produced the damage for which the plaintiff contended. The plaintiff took no exception to this charge, but acquiesced therein, and consequently is concluded thereby. The encroachment constituted at least a technical trespass, for which nominal damages might have been awarded without other proof; but upon the question of substantial damages the case was clearly for the jury, and defendant could only present the other question by asking for a charge to that effect. Not having asked for it, but having acquiesced in the charge, he is concluded thereby; and even though, as matter of law, the defendant be entitled to nominal damages for the trespass, yet this judgment for that reason will not be reversed or modified, as no other rights could possibly flow therefrom, except to entitle the plaintiff to receive in money a nominal award. Aside from this question, however, it appears that the plaintiff at the opening of the trial withdrew the third cause of action, which set up a right of recovery based upon the judgment. This was notice that no claim for damages was predicated thereon. The judgment roll was, however, received in evidence without objection, and effect, therefore, might have been given to it. It was considered by the court as evidence for a particular purpose, and the plaintiff acquiesced in the limitation placed upon it. As it was not pleaded, it could not be relied upon, except so far as the court considered it, and established nothing beyond the effect given to it by the trial court. Fritz v. Tompkins, 168 N. Y. 524, 61 N. E. 893.

Several exceptions to the rulings of the court upon the admission and rejection of testimony have been argued upon this appeal. We

have examined them all, but do not find any which are sufficiently prejudicial to the plaintiff's rights to present reversible error.

It follows that the judgment and order should be affirmed, with costs. All concur, except LAUGHLIN, J., who dissents.