Gardiner, J.
 

 delivered the opinion of the court.
 

 The defendants insist that they had the right to excavate the canal upon their own land, and were not responsible for injuries
 
 *161
 
 to third persons, unless they occurred through their negligence and want of skill, or that of their agents and servants.
 

 It was an elementary principle in reference to private rights, that every individual is entitled to the undisturbed possession and lawful enjoyment of his own property. The mode of enjoyment is necessarily limited by the rights of others—otherwise it might be made destructive of their rights altogether. Hence the maxim
 
 sic utere tuo,
 
 &c. The defendants had the right to dig the canal. The plaintiff the right to the undisturbed possession of his property. If these rights conflict, the former must yield to the latter, as the more important of the two, since, upon grounds of public policy, it is better that one man should surrender a particular use of his land, than that another should be deprived of the beneficial use of his property altogether, which might be the consequence if the privilege of the former should be wholly unrestricted. The case before us illustrates this principle. For if the defendants in excavating their canal, in itself a lawful use of their land, could, in the manner mentioned by the witnesses, demolish the stoop of the plaintiff with impunity, they might, for the same purpose, on the exercise of reasonable care, demolish his house, and thus deprive him of all usp of his property.
 

 The use of land by the proprietor is not therefore an absolute right, but qualified and limited by the higher right of others to the lawful possession of their property. To this possession the law prohibits all direct injury, without regard to its extent or the motives of the aggressor. A man may prosecute such business as he chooses upon his premises, but he cannot erect a nuisance to the annoyance of the adjoining proprietor, even for the purpose of a lawful trade.
 
 (Aldred’s case,
 
 9
 
 Coke,
 
 58.) He may excavate a canal, but he cannot cast the dirt or stones upon the land of his neighbor, either by human agency or the force of gunpowder. If he cannot construct the work without the adoption of such means, he must abandon that mode of using his property, or be held responsible for all damages resulting therefrom. He will not be permitted to accomplish a legal object in an unlawful manner.
 

 In
 
 Rolle’s Abridgment,
 
 565, it is said that if A. erects a new
 
 *162
 
 house upon the confines of his land, and next adjoining the land of B., and B. afterwards digs his land so near the land of A. that it falls, no action can be sustained by A. The purpose of B. in the case cited, in digging upon his own land, was lawful, and so for aught that appears were the means taken to accomplish it. The right of A. to occupy and use his land in a particular manner was qualified and limited by a similar right in B. No action consequently could be sustained. “Aman however cannot dig his land so near mine,” the reporter adds, “ as to cause mine to slide into the pit.” In the last case, the injury would consist in depriving the owner of a part of the soil to which his right was absolute. No degree of care in the excavation by the pit owner, would, I apprehend, justify the transfer of a portion of another man’s land to his own.
 

 So in all that class of cases where the mode of enjoyment is turned into an absolute right by custom, grant, or prescription, the party is entitled to protection against any alteration of the adjacent premises by which he may in any way be injured.
 
 (Lasala
 
 v.
 
 Holbrook,
 
 4
 
 Paige,
 
 173,
 
 and cases cited.)
 
 In
 
 Panton
 
 v.
 
 Holland,
 
 (17
 
 John.
 
 92,) the parties were owners of contiguous building lots, in the city of New York. The defendant in order to lay a foundation for a dwelling house, dug below the foundation of the plaintiff’s house, in consequence of which, it settled and the walls cracked. Held that the defendant was not liable without proof of negligence. In other words, the plaintiff was bound to show that the means adopted by the defendant were illegal.
 
 Clark
 
 v.
 
 Foot,
 
 (8
 
 John.
 
 421,) is to the same effect. If with the same purpose in view, the defendant had placed earth upon or transported it across the plaintiff’s lot, the means, per se, would be wrongful.
 

 In this case, the plaintiff was in the lawful possession and use of his own property. The land was his, and, as against the defendant, by an absolute right from the centre
 
 usque ad caelum.
 
 The defendants could not directly infringe that right by any means or for any purpose. They could
 
 not
 
 pollute the air upon the plaintiff’s premises,
 
 (Morley
 
 v.
 
 Pragnell, Cro. Car.
 
 510,) nor abstract any portion of the soil,
 
 (Rol. Abr.
 
 565,
 
 note
 
 ; 12
 
 Mass.
 
 221;) nor cast any thing upon the land,
 
 (Lambert
 
 v.
 
 Bessy, Sir T. Ray
 
 
 *163
 

 mond,
 
 421) by any act of their agents, neglect, or otherwise. For this would violate the right of domain. Subject to this qualification the defendants were at liberty to use their land in a reasonable manner, according to their pleasure. If the exercise of such a right upon their part, operated to restrict the plaintiff in some particular mode of enjoying his property, they would not be liable. It would be
 
 damnum absque injuria.
 

 No one questions that the improvement contemplated by the defendants upon their own premises was proper and lawful. The means by which it was prosecuted were illegal notwithstanding. For they disturbed the rightful possession of the plaintiff and caused a direct and immediate injury to his property. For the damages thus resulting, the defendants are liable. Without determining the other questions discussed upon the argument, we think, upon the ground above stated, that the judgment of the supreme court should be affirmed.
 

 Judgment affirmed.1