*305 By the Court,
Garvin, J.
This action is brought to recover damages for losses sustained by the .plaintiff, and injuries received by him, in consequence of the falling of a wall and ovens being erected by the defendant. It is claimed and alleged by the plaintiff, that the erection was carelessly and negligently put up, and also to have been done in an unskillful and insecure manner.
Upon the trial, it appeared that on the 10th of November, 1862, the defendant was the owner of the lot and buildings, No. 58 Rutgers street, New York city, and that on that day, and previously thereto, the defendant had been erecting the stack of ovens on the rear of said lot, which stack was .not entirely completed ; that the erection fell and crushed in the house of the plaintiff, killing one of his children, and greatly injuring him, whereby the plaintiff suffered great personal and pecuniary damages ; that the erection went on under the defendant’s own personal supervision, and that the defendant gave directions in regard to the erection.
There was evidence given upon the trial, tending to show that the wall had been cracking and settling for about a week, and that there was an apprehension the walls would not stand till they were completed ; that the walls were pointed several times while in the course of construction; that the arches cracked; that the foundation was not good; and that the building was not strong enough to bear the weight of the ovens ; that the walls settled ; that the arches ought to have been a full half circle arch; that the building was only anchored one way ; that it ought to have been anchored both ways.
The justice who tried this case dismissed the complaint on the gro.und that no legal negligence was shown on the part of the defendant in the erection of the building in question; to which ruling the plaintiff excepted.
It can make no difference in this case, whether this action is regarded as an action upon the case for negligence and unskillfulness in the construction and putting up of the walls upon which the ovens were to stand, whereby the structure fell and *306 caused the injury complained of, or as an action of trespass to recover for the damages set forth in the complaint. There being some evidence that the defendant directed the work, and supervised it, trespass would lie. (Hay v. The Cohoes Company, 3 Bart. 48, and cases there cited.) At least, the question should have been put to the jury on the facts, to say whether or not the defendant negligently and unskillfully constructed the work complained of.
In this case, negligence and want of skill in the erection was averred in the complaint, and proved upon the trial, which is all any of the oases I have been able to find require, to entitle' the plaintiff to recover, provided he shows that any damage resulted to him by reason thereof. This is well settled, upon authority. (Hay v. The Cohoes Company, 2 N. Y. Rep. 159.) A man who exercises proper care and skill “may do what he will with his own property, but he cannot rightfully enter or cast any thing on the land of another, unless he have a license from the owner, or an authority in law for doing the act; and the absence of a bad motive will not save him. (Radcliff’s Executors v. Mayor, &c. of Brooklyn, 4 N. Y. Rep. 199.) If, in cutting thorns, or in lopping a tree, the boughs fall, against his will, on his neighbor’s land, from which he removes them as soon as possible, he is a trespasser. Or if, in building his house, a piece of timber faff on the house of his neighbor, an action lies.
There is also a class of cases where a man must answer for the consequences of doing a lawful act in so negligent or unskillful a manner as to cause an injury to another, as in the case of Vaughan v. Menlove, (3 Bing. N. C. 468,) which is an extreme case. The defendant was held liable for so unskillfully constructing a hay-rick, that spontaneous ignition followed, and burned up the plaintiff’s cottage, which stood near by. Also where public officers constructed a culvert, to pass a stream of water, so unskillfully that it choked up, and thus caused injury to another. It was held they must answer in damages. (3 N. Y. Rep. 463.)
It is a general rule, and well settled upon authority, that a *307 man must so use and enjoy his own property as not to injure the property of another. But it is also well settled that an act done under lawful authority, and in a proper manner, can never subject the party to an action, whatever the consequences may be. Nor will a man be answerable for the consequences of enjoying his own property in the way such property is usually enjoyed, unless an injury has resulted to another from the want of proper care and still on his part. (4 N. Y. Rep. 200.)
No question arises here in regard to fault or negligence on the part of the plaintiff. There was'evidence tending to show want of still in the erection, and negligence and want of care therein, on tibe part of the defendant, by which the plaintiff was injured in his person and property. These principles are. all stated and approved by the Court of Appeals in Radcliff’s Executors v. Mayor of Brooklyn, (4 N. Y. Rep. 195.) Their application to this case is apparent. We think the case should have been submitted to the jury on the question of fact.
The judgment should be reversed, and a new trial ordered, with costs to abide the event.