JOHN McANDREWS, PLAINTIFF IN ERROR, v. ABRAHAM COLLERD, DEFENDANT IN ERROR.

1. The Delaware, Lackawanna and Western Railroad Company having legislative authority to construct a tunnel through Bergen Hill, contracted with M. to do the work. The tunnel was driven through rock, was begun in 1873, and completed in 1877. M. constructed near the eastern end of the tunnel, and within the limits of Jersey City, a magazine for the explosive materials which he used in blasting. In 1876, at night, the materials exploded, doing great damage to property, and injuring, among the property, some houses belonging to C. In a suit brought to recover damages for the injury—*Held*—

1. That the legislative authority to a private corporation, or an individual, to do a work for its or his own profit, does not include authority to use, at whatever hazard to the persons or property of others, dangerous materials, even though they are necessary to the convenient prosecution of the work.

2. They will be liable for the injury, although no negligence or want of skill in executing the work is proved, and liable for actual damages, even though they show that they have done the work in the most careful manner.

2. Where a nuisance complained of is a public nuisance, no degree of care will relieve a party from liability to respond for damages arising from it.

In error to the Supreme Court. The opinion in this case was delivered at the November Term, 1879.

For the plaintiff in error, *J. D. Bedle* and *Odell*, of N. Y.

For the defendant in error, *W. C. Spencer* and *B. Williamson.*

The opinion of the court was delivered by

THE CHANCELLOR. The case on which the question to be considered arises, is the following: The Delaware, Lackawanna and Western Railroad Company having legislative authority to construct a tunnel for its road through Bergen Hill, contracted with McAndrews to do the work. The tunnel was driven through rock. The work was begun in 1873, and was in progress from that time until 1877, when it was completed. McAndrews constructed near the eastern end of the

tunnel, and within the limits of Jersey City, a magazine for the explosive materials which he used in blasting the rock. In 1876, at night, while the magazine was maintained there by McAndrews for the purpose before mentioned, the materials exploded, doing great damage to property in the vicinity, even at the distance of about twelve hundred feet. Among the property injured were some houses belonging to Collerd, and this suit was brought to recover damages for the injury to them.

· The proposition presented by the plaintiff in error, and on which he rests his right to a reversal of the judgment against him, is that, inasmuch as the explosive materials were necessary to the work, and the work was done pursuant to legislative authority, the collection of the explosives in magazine, in such quantity as the convenient prosecution of the work reasonably required, although highly dangerous, was not a nuisance—that is to say, that in the legislative authority to do the work, was included the authority to store, with impunity, in a convenient place, so much explosive material as might be necessary for the convenient prosecution of the work, notwithstanding the danger or positive damage to others, or their property, arising from such collection of dangerous materials. Or, to state it otherwise, that the legislative authority secures, in the absence of negligence, immunity from liability for injury from the use of any means which may be necessary for the convenient prosecution of the work. The court charged the jury that nothing but the most imperious and absolute necessity would justify such a conclusion ; that the legislature could not be charged with an intention to authorize a nuisance dangerous to life and property in a community, if there was any other way in which the work could be done; and that it was incumbent on the defendant, in the action, to satisfy the jury that it was absolutely necessary to have the magazine there, with stores of explosives, as maintained by him. The plaintiff in error has no reason to complain of this charge. It was quite as favorable to him, to say the least of it, as it ought to have been. His proposition that the legisiative

authority to a private corporation, or an individual, to do a work for its or his own profit, includes authority to use, at whatever hazard to the persons or property of others, dangerous materials, provided they be necessary to the convenient prosecution of the work, cannot be sustained. This question was considered in *Hay* v. *Cohoes Co.*, 2 *N. Y.* 159, and in *Tremain* v. *Cohoes Co.*, *Id.* 163, where a land-owner sought damages for injury to his property by the blasting of rocks by the defendants, in constructing a canal under legislative authority. The defendants insisted, in the former case, that unless they were guilty of negligence, unskillfulness, wantonness, or delay, they were not liable; and in the other, that they should be permitted to show, in exoneration from liability for damages, that they executed the work in the most careful manner.

It was held that they were liable for the injury, although no negligence or want of skill in executing the work was proved, and that they were liable for actual damages, even though they showed that they had done the work in the most careful manner. There is an obvious distinction between the liability of a private corporation to public prosecution for a legalized nuisance, and its liability to a private action for damages arising from such nuisance. In the one case, the legislative authority is a protection, and in the other it is not. *Wood on Nuisances*, § 750. Said the court in *Tinsman* v. *B. D. R. R. Co.*, 2 *Dutcher* 148 : "The position that a corporation authorized to construct public highways, or other works of public improvement, are vested with the immunities that pertain to the sovereign, and are exempt from liability to damages for injuries done to individuals in the exercise of that power, cannot be sustained upon grounds of reason and justice. That the individual is entitled, in justice and equity, to remuneration, has never been denied. It is a principle of natural, as well as constitutional law, that private property can be taken for public use by virtue of the eminent domain, only upon just compensation. And in regard to that class of injuries not falling within the pale of the constitu-

tional provision, at least where the injury is direct, it is admitted that the party injured, upon principles of natural justice, is entitled to reparation." The distinction is drawn, in that case, between the non-liability of public agents, in the construction within their limitations, of public works and the liability of private corporations authorized by the legislature to construct and operate works for their own emolument, though for public advantage.

The keeping of gunpowder, nitro-glycerine, or other explosive substances, in large quantities, in the vicinity of a dwelling-house or place of business, is a nuisance *per se*, and may be abated as such by action at law or injunction in equity; and if actual injury results therefrom, the person keeping them is liable therefor, even though the act occasioning the explosion is due to other persons, and is not chargeable to his personal negligence. *Wood on Nuisances*, § 142; *Cuff* v. *N. & N. Y. R. R. Co.*, 6 *Vroom* 17.

Our statute prohibits the keeping in store, within a quarter of a mile of any town, &c., of nitro-glycerine and of gunpowder, in larger quantity than a specified amount, making the violation of the prohibition, in either case, a misdemeanor. *Rev.*, *pp.* 264, 466. The justice correctly charged in this case, that if the nuisance complained of was a public nuisance, no degree of care would relieve from liability to respond for damages arising from it. *Tremain* v. *Cohoes Co.*, 2 *N. Y.* 163; *Wood on Nuisances*, § 28.

There is, in my opinion, no error in the judgment. It should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DE-PUE, DIXON, KNAPP, REED, WOODHULL, CLEMENT, DODD, GREEN, LILLY, WALES—12.

*For reversal*—None.