Curtis, Ch. J.—[Concurring.]
*168 First. That the fee of the street is in the public.
Secondly. That the plaintiff has no easement, or other interest in the soil of the street which defendant invades.
Thirdly. That defendant’s railroad is constructed and operated in the street, by due authority of law.
Fourthly. That mere depreciation of the value of the plaintiff’s property, by the construction and operation of such a railroad, without the intervention of any physical agency to the injury of such property, would be a consequential damage, for which the defendant is not liable.
These concessions greatly narrow the field of controversy.
The plaintiff rests his controversy on these two grounds:
First. That as owner and occupant of a lot and dwelling-house abutting on the street, he has a right to the use and enjoyment of such lot and dwelling-house, free from the disturbance and invasion of such right, which the defendant admits by its demurrer, and that such disturbance and invasion constitutes a taking of property, in the sense of the constitutional inhibition (Art. 1, § 6).
Secondly. That, independently of such constitutional guaranty, the injury inflicted by the defendant upon the plaintiff’s lot and dwelling-house, as stated *169 in the complaint and admitted by the demurrer, constitutes an actionable wrong entitling him to relief.
Neither the acts of the legislature under which the defendant is incorporated, nor the requirements and conditions imposed upon the defendant by the board of commissioners created by the legislature, confer, or attempt to confer any right or power to* introduce into the plaintiff’s premises, for instance, the stench or noxious gas, of which, among other grievances, the plaintiff complains, and' which, the demurrer admits, will greatly diminish the plaintiff’s enjoyment of his dwelling-house. The question is directly raised, whether this is a lawful act on the part of the defendant. Conceding that the defendant has full power and right to enter upon the public street, to construct and operate an elevated railroad there, from what source does it derive the ‘power to thus diminish the plaintiff’s enjoyment of his house ? The act of the legisla-. ture authorizes the defendant to operate its road “by atmospheric power, compressed air, or other power.” It, neither directly or by implication, authorizes the infliction of this grievance of a polluted atmosphere, of which the plaintiff complains, and which the demurrer-admits.
In the case of Hay v. Cohoes Co. (2 N. Y. 159), this question was considered. The defendant, also a corporation created by the legislature, dug a canal upon its own land, for the purposes authorized by the legislature in its charter. In doing so, it was necessary to. blast rocks, and fragments were thrown against and injured the plaintiff’s dwelling,- upon lands adjoining. The defendant was held liable for the injury, although no negligence or want of skill in executing the work was alleged or proved. In the opinion of the court, per G-ardiner, J., it was considered that the defendant had the right to dig the canal, and the plaintiff the right to the undisturbed possession of his. *170 property, and if the rights conflict, then, on ground of public policy, it was better that the one should surrender a particular use of his land, rather than that another should be deprived of the beneficial use of his property altogether. It is further said, “ he may excavate a canal, but he cannot cast the dirt or stones upon the land of his neighbor, either by human agency or the force of gunpowder. If he cannot construct the work without the adoption of such means, he must abandon that mode of using his property, or be held responsible for all damages resulting therefrom. He will not be permitted to accomplish a legal object in an unlawful manner.” Again, in speaking of the defendants, it was further said: “ They could not pollute the air upon the plaintiff’s premises (Morley v. Pragnall, Cro. Car. 510), nor abstract any portion of the soil (Rol. Abr. 565, note; 12 Mass. 221), nor cast anything upon the land (Lambert v. Bepy, Sir T. Raymond., 421), by any act of their agents, neglect, or otherwise, for this would violate the right of domain.' .....Ho one questions that the improvement contemplated by the defendants upon their own premises, was proper and lawful.” “ The means by which it was prosecuted were illegal notwithstanding, for they disturbed the rightful possession of the plaintiff, and caused a direct and immediate injury to his property.” “ For the damages thus resulting the defendants are liable.”
The law, as it was administered in that case, seems applicable to the present. The defendant in the case of Hay v. Cohoes Co. (2 N. Y. 159), constructed the canal,' pursuant to the authority conferred by the legislature, as was its right, but disturbed the rightful possession and enjoyment of the plaintiff. In' the present case a railroad is substituted for a canal, and in place of fragments of rocks cast upon the plaintiff’s premises, stench or gas, disagreeable to the senses, *171 is diffused through the plaintiff’s residence. It is difficult to see any distinction between casting a stone upon plaintiff’s premises, or filling his dwelling-house with a noxious gas, so far as constituting a good cause of action is concerned. The gas is, in itself, a material substance, capable of more or less condensation. Take sulphureted hydrogen, for. example ; what can be more penetrating and polluting to an abode, or more destructive to health and enjoyment ? The volatility of a gas cannot change the principle of law by which every individual is entitled to the undisturbed possession and enjoyment of his own property. It is a quality that tends to increase and prolong the injury. No law gives one urban neighbor the right to thus invade the adjoining dwelling of another, and deprive him of the enjoyment of home and health. The legislature has not conferred, or attempted to confer, such a power upon the defendant, nor does the exercise of it appear to be necessary or incident to the operation of the defendant’s road.
Whether the defendant has a right to occupy the street from curb to curb, with structures raised for its use, to let them for newspaper stands, or for other purposes, are not the questions before us. But the question is, whether any of the acts of the defendant charged by the plaintiff in the complaint as injurious to his property, and admitted by the demurrer, are unwarranted by law. The pollution of the air in the defendant’s dwelling by noisome gases, in the consideration above given to it, comes within the pale of the decision in Hay v. Cohoes Co., supra, and is a violation of the plaintiff’s right of domain, and not included in, or justified by the legislative grants to the defendant, or even necessarily incident to its enjoyment of those grants! If such a broad construction is given to them, as is claimed by the defendant, then the defendant is vested with rights and powers inconsistent with the *172 protection and enjoyment of property, and unprecedented in their nature. It is the just and reasonable-interpretation of the action of the legislature, that no-adjacent owner of property should be deprived of the-enjoyment of it by an act of the defendant, such as-the one we have considered, gratuitous, unnecessary, and in no respect an incident to the proper use by defendant of the grants from the legislature.
To hold that the plaintiff is entitled to no protection, or compensation by law, for the injury the defendant inflicts upon him, and that he is utterly without redress, is inconsistent with the views I am constrained to entertain, as to what constitutes the due administration of justice.
We think the complaint states facts sufficient to constitute a cause of action against the defendant, and that the judgment appealed from should be reversed, with costs.