Follett, J.
In 1881, 1882 and 1883 the defendants were co-partners, and were engaged in constructing The New York, West Shore & Buffalo Railroad through the village of Little Falls, under a contract with The North River Construction Company. During this time the plaintiff was the owner of real estate in said village, and adjacent to the land whereon the railroad was being built, upon which were five dwelling houses. In constructing the road at this *584 ■point, rocks were necessarily blasted, pieces of which were thrown by the explosions upon plaintiff’s houses, causing considerable damage, for the recovery of which this action was brought.
In the contract between the Construction Company and the defendants it was provided: “ The contractor will be held responsible for all damage that may be done to persons or property, or premises through which the line of road may pass, in consequence of blasting rocks. ” May 31, 1881, defendants contracted with Christopher C. Mowel that they would drill the holes for blasting, and “ cover the holes to prevent damage being done by flying rock from the blasts,” and pay Mowel twelve cents per cubic yard for doing the remainder of the work and furnishing the materials for the blasting. The evidence shows that the blasting was done pursuant to this contract, the defendants assuming to prepare the holes and cover the blasts. It is undisputed that pieces of rock were thrown upon and injured plaintiff’s houses by the explosions. For these injuries the defendants are liable. Hay v. The Cohoes Co., 2 N. Y., 159; Tremain v. The Cohoes Co., id., 163; Losee v. Buchanan, 51 id., 476, 479; John St. Peter v. Denison, 58 id., 416; Jutte v. Hughes, 67 id., 267, 273; 1 Thomp. Neg., 113.
These defendants cannot shift the responsibility for these trespasses to the railroad, the Construction Company, or to Mowel, because neither of these parties were in possession, having sole charge of the work, and thereby solely responsible for the injuries. The trespasses were committed by the defendants’ agents and servants. Plaintiff’s admission that negligence on the part of the defendants in the performance of the work was not claimed, is not a defense to the action. (See cases above cited.) The appellant’s brief calls attention to a single exception taken to the admission of evidence, which is found at folio 188. The evidence was not objected to upon the ground that it was not alleged in the complaint that the cisterns were injured; and no error was committed in allowing .the witness to describe the injuries.
The judgment is affirmed, with costs.
Boardman, J., concurs; Hardin, P. J., not voting