CARRIE S. LOUNSBURY, as Administratrix, etc., of PERRY B. LOUNSBURY, Deceased, Respondent, v. WILSON P. FOSS, Appellant.

*Keeping of explosives — when a nuisance — liability therefor.*

The keeping of gunpowder or other explosive materials in a place, or under circumstances where it will be liable, in case of an explosion, to injure the dwelling houses or the persons of those residing in close proximity, may constitute a private nuisance for which the person keeping such explosive will be liable to respond in damages, entirely without regard to the question whether he was chargeable with carelessness or negligence.

The keeping of such materials does not necessarily constitute a nuisance *per se;* that depends upon the locality, the quantity and the surrounding circumstances; no person has a right, however, to carry on a business which is imminently dangerous to the community, and to persons who have occasion to pass in the vicinity of the place where such business is conducted.

APPEAL by the defendant, Wilson P. Foss, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rockland on the 20th day of February,

1894, upon the verdict of a jury rendered after a trial at the Rockland Circuit, and also from an order entered in said clerk's office on the 30th day of January, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Irving Brown,* for the appellant.

*Roger Foster,* for the respondent.

DYKMAN, J. :

This action is brought for the recovery of damages resulting from the death of the plaintiff's intestate, which was caused by the explosion of the dynamite works of the defendant.

The action is based upon negligence, but there are questions involved beyond those which ordinarily relate to actions of that character.

The defendant was engaged in the manufacture of explosives near Snedeker's Landing, in Rockland county, near to the Hudson river, and in the month of December, 1891, there was an explosion at the defendant's factory by which the plaintiff's intestate was instantly killed.

The defendant was the lessee of the land upon which his works were erected, and he claimed that the lease covered the land under water of the river in his front. Of that fact, however, there was no positive proof.

It was the claim of the plaintiff upon the trial that her intestate had permission from the agent of the defendant to land upon the beach of the river. In relation to this point there was also some dispute.

The case belongs to that class of cases where actions are brought for damages resulting from the prosecution of a legitimate business on the premises of the owner, which is dangerous to the persons of others who may be passing in their vicinity or to the property of others in their neighborhood. *Hay* v. *Cohoes Co.* (2 N. Y. 159) ; *Tremain* v. *The Same* (Id. 163) ; *Myers* v. *Malcolm* (6 Hill, 292) are examples of that class.

This action is to be controlled by the principles laid down in the case of *Heeg* v. *Licht* (80 N. Y. 579). It was there decided that

the keeping of gunpowder or other explosive materials in a place or under circumstances where it will be liable, in case of an explosion, to injure the dwelling houses or the persons of those residing in close proximity, may constitute a private nuisance for which the person so keeping them is liable to respond in damages in case of injury resulting therefrom, and that without regard entirely to the question whether he was chargeable with carelessness or negligence.

The keeping of such materials does not, however, necessarily constitute a nuisance *per se ;* that depends upon the locality, the quantity and the surrounding circumstances.

The consequential result of the authorities is that each case like this must be left to the jury under proper instructions from the court.

That course was pursued in this case, and while the parties upon the trial put the question of negligence prominently forward, and the trial judge did the same in his charge, yet he did charge that no person has a right to carry on a business which is imminently dangerous to the community and to persons who have occasion to pass in that vicinity, and which is liable to cause an explosion and injury to people; that the maintenance of such a business is a nuisance *per se,* but that it depends upon the place where it is carried on and the manner in which it is prosecuted.

The last clause embodies the correct rule, and if either party desired it to be made more full and specific a request to that effect should have been made to the trial judge.

The verdict and judgment are in accordance with settled principle, and the judgment and order denying a motion for a new trial should be affirmed, with costs.

BROWN, P. J., and CULLEN, J., concurred.

Judgment and order affirmed, with costs.