the log before the accident happened. Plaintiff asked the court to charge the jury that they might find it was a negligent act on the part of the defendant to allow this beam to fall into the street, and that the court leave that question for them to determine, to which the court replied that he left that question to the jury, which, of course, was equivalent to charging as requested, and left it open to the jury to find that the defendant negligently allowed the beam to fall into the street, and that this negligence would sustain a verdict for plaintiff.

There was no foundation in the evidence for such an instruction. There was no evidence whatever as to how the beam came to roll off, or what caused it to do so. There was, therefore, nothing upon which to base a finding that the log rolled off in consequence of any negligence on the part of defendant. And, even if there had been such evidence, it is clear that the rolling off of the log was not the proximate cause of the accident. The log did not remain where it fell, but was moved into another position, and the negligence, if any, of which defendant was guilty, was in placing the log where it was placed after it rolled off, and in failing to promptly and properly guard and light it. It cannot be said that this error was harmless, because, in view of the sharp conflict upon the other questions of the case, it may well be that the jury seized upon the suggested negligence in permitting the beams to roll off the wagon in order to find for the plaintiff.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.

---

(48 Misc. Rep. 390.)

### FORRESTER v. O'ROURKE ENGINEERING CONST. CO.

(Supreme Court, Appellate Term. November 10, 1905.)

1. EXPLOSIVES—INJURIES FROM BLASTING—NEGLIGENCE.

A contractor, who is lawfully engaged in blasting operations in a public street, is liable to the tenant of a near-by house for damages by falling stones, caused by an actual physical trespass, without any proof of negligence, but is not liable for consequential damages, such as the breaking of glassware and ornaments, which are shaken down from shelves and walls, and not knocked down by anything projected into the house, and the loss of room rent through the removal of lodgers on account of the blasting, in the absence of negligence.

2. LANDLORD AND TENANT—DUTIES OF TENANT—REPAIRS.

A tenant is, in the absence of an agreement on the part of the landlord to make such repairs, under a prima facie obligation to repair a broken skylight.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 536.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Katherine Forrester against the O'Rourke Engineering Construction Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Nicoll, Anable & Lindsay, for appellant.

Milliken & Nicholson, for respondent.

SCOTT, P. J.   The plaintiff was, on August 18, 1904, the lessee and occupant of a house, No. 118 East Forty-Fifth street, which she conducted as a boarding and lodging house.   The defendant was engaged in excavating in Park avenue near the plaintiff's house.   On the date mentioned the defendant discharged a blast, which caused stones to fall upon and through the skylight of the house occupied by plaintiff.   The stones and pieces of the broken skylight fell into the hall below.   At the same time, and apparently as a consequence of the blast, certain glass and china, in the dining room and belonging to plaintiff, was broken, ornaments were shaken off the mantel piece and broken, and pictures were shaken off the walls.   It does not appear that any stones, rock, or débris of any kind penetrated into the room in which these articles were.   On the contrary, the only inference to be drawn from the testimony is that their injury resulted from the concussion of the shock and the resulting shaking of the house.   It was conceded upon the record that the defendants were lawfully doing the work upon which they were engaged, and there was no evidence that they were negligent in the manner in which they carried on their work generally, or set off the particular blast which did the damage complained of.

The rules of law affecting the liability of one conducting blasting operations upon his own land, whereby damage results to his neighbor, are well settled.   If the damages are direct, resulting from an actual physical trespass upon the adjoining land, the person blasting is liable, without any proof of negligence.   Hay v. Cohoes, 2 N. Y. 159, 51 Am. Dec. 279; Tremaine v. Cohoes Co., 3 N. Y. 163, 51 Am. Dec. 284; Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274.   On the other hand, where the injury is not direct, but circumstantial, such as is caused by concussion, which by shaking the earth injures property, there is no liability, in the absence of negligence.   Benner v. Atlantic Dredging Co., 134 N. Y. 156, 31 N. E. 328, 17 L. R. A. 220, 30 Am. St. Rep. 649; Booth v. R., W. & O. R. R. Co., 140 N. Y. 267, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552; Sullivan v. Dunham, supra.   Applying these rules, it would seem that the defendant was liable to the plaintiff for the damage to the skylight and for the reasonable expense of the removal of the débris resulting from the trespass.   She did not own the house, but was merely its lessee.   It did not appear that by her lease the lessor had agreed to repair the skylight, and prima facie, therefore, the obligation to do so rested upon the plaintiff.   But no evidence was given as to the money value of the damage done to it.

The plaintiff served a bill of particulars as to her claim, and was permitted to give evidence supporting to a greater or less extent the damage asserted therein.   Her claim of damage, as stated in her bill of particulars, included:   (a)   Cut glass knocked from sideboard and brok-

en. (b) Ornaments knocked from mantel and broken. (c) Pictures knocked from the wall. As to these three items there is no evidence that they were knocked from the sideboard, mantel, or wall by anything that was projected into the room. Apparently they were shaken down. (d) Loss of room rent, because certain lodgers had given up their rooms because of the annoyance caused by the blasting. (e) Amount paid during nine months for putting in glass broken by blasting, but there was no evidence how the glass was broken. It will readily be seen that every one of these items of damage constituted what is known as consequential, rather than direct, damage, and consequently, under the authorities, could be recovered only upon showing that the defendant was negligent. There were one or two other small items on the bill of particulars which may or may not have been directly caused, but no evidence was given to support them.

After a careful review of the evidence, in conjunction with the bill of particulars and in the light of the well-settled rules of, law regulating the liabilities of defendants engaged in blasting operations, I can find no support for the judgment, which should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.