HENRY HALL SONS CO. v. SUNDSTROM & STRATTON CO.

(Supreme Court, Appellate Division, Second Department. May 26, 1910.)

1. EXPLOSIVES (§ 12*)—INJURY TO ADJACENT PROPERTY—LIABILITY.

One blasting rock on his own premises or on the premises of another with the permission of the owner for a necessary improvement thereon is not liable for consequential injuries caused by vibration of the earth and air unless he is negligent, but, when he by blasting throws stones and dirt on the premises of another, he is guilty of a trespass, and is liable therefor, irrespective of negligence.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. §§ 9, 10; Dec. Dig. § 12.*]

2. EXPLOSIVES (§ 12*)—INJURY TO ADJACENT PROPERTY—LIABILITY.

A complaint which alleged that defendant was blasting within a short distance of plaintiff's factory, that the blasting was so conducted by reason of defendant's negligence that rocks and other material were thrown on the property of plaintiff and on and against the factory, so as to injure the buildings and the machinery therein, charged a tortious act based on a trespass, and the allegation as to negligence was surplusage, especially where defendant was not misled thereby, as he admitted the fact of trespass, though not the extent thereof.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. §§ 9, 10; Dec. Dig. § 12.*]

3. PLEADING (§§ 35, 375*)—COMPLAINT—SURPLUSAGE.

Where unnecessary particulars alleged in a complaint could be stricken out and still leave a good complaint, the unnecessary particulars should be treated as surplusage, and they need not be proved.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 76–80, 1224; Dec. Dig. §§ 35, 375.*]

4. DAMAGES (§ 109*)—TRESPASS TO REAL PROPERTY.

The measure of damages for a temporary infringement of one's rights by an interference with his property is the diminution in usable value of the property, which means the value of the use of the premises to the owner, as distinct from the rental of the premises in a lease thereof by the owner to a tenant.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 273–278; Dec. Dig. § 109.*]

5. DAMAGES (§ 109*)—TRESPASS TO REAL PROPERTY.

Where the owner of property occupied by himself in carrying on his business was prevented by the wrongful acts of another in carrying on the business, and such wrongful acts consisted of repeated trespasses caused by throwing, by means of blasting, rock and other materials onto the property and injuring it, the owner could recover the diminution in the usable value of the property during the continuance of the wrongful acts, and, where the profits which the owner would otherwise have made

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

could be ascertained with reasonable accuracy, evidence of loss of profits was competent on the issue of the extent of the injury, subject to the qualification that the owner must, so far as possible, reduce the damages by seeking to establish and carry on his business as speedily as possible.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 273–278; Dec. Dig. § 109.*]

6. APPEAL AND ERROR (§ 1021*)—REPORT OF REFEREE—CONCLUSIVENESS.

Where the referee did not set forth in his report the items which went to make up an injury to the usable value of the property of plaintiff by loss of profits from interference therewith, and there was no request for specific findings, the judgment on the report would not be disturbed, if the evidence generally sustained the findings, though the court on appeal could not exactly determine on what particular evidence the finding was based.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4013, 4014; Dec. Dig. § 1021.*]

7. APPEAL AND ERROR (§ 1018*)—REVIEW—TRESPASS TO REAL ESTATE—DAMAGES—EVIDENCE.

Where, in an action for injury to a manufacturing plant by repeated trespasses, the evidence showed that plaintiff was by reason of the injury to his factory compelled to suspend business for about 17 days at a time when its output was equal in value to $1,000 a week, on which there was a profit of 25 per cent., and there was evidence justifying a finding that by reason of the injury about 80 machines yielding a profit of 25 cents a day were idle for at least 30 days, and that at that time plaintiff had orders for material equal to the full capacity of his plant, and that, by reason of his inability to fill some of the orders, they were canceled, and plaintiff was held liable in damages for breach of contract, a finding for a less sum than the various items proved would not be set aside on appeal for insufficiency of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4006, 4007; Dec. Dig. § 1018.*]

8. DAMAGES (§ 62*)—TRESPASS TO REAL ESTATE—EVIDENCE.

Where an owner of a factory was compelled to suspend business by repeated trespasses by defendant, who asked permission to repair the factory, the failure of the owner to make repairs before unreasonable delay by defendant did not deprive him of the right to recover damages for diminution in the usable value of the property during the period of delay.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 119–132; Dec. Dig. § 62.*]

Appeal from Judgment on Report of Referee.

Action by the Henry Hall Sons Company against the Sundstrom & Stratton Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

Abram F. Servin, for appellant.
M. N. Kane, for respondent.

BURR, J. Defendant complains that there is no evidence in this case that the acts of which plaintiff complains were negligently done. It is not necessary that there should be. Blasting upon one's own premises or upon the premises of another, with permission of the owner, if necessary for the improvement thereof, is not an unlawful act.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Such blasting necessarily causes vibration of the earth and air to a greater or less extent. Such vibrations cannot be confined within inclosed limits. Hence it must follow that if rightfully and not negligently caused, even although consequential injuries result therefrom, the sufferer is without remedy. Benner v. Atlantic Dredging Co., 134 N. Y. 156, 31 N. E. 328, 17 L. R. A. 220, 30 Am. St. Rep. 649; Booth v. R., W. & O. T. R. R. Co., 140 N. Y. 267, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552; Holland House Co. v. Baird, 169 N. Y. 136, 62 N. E. 149; Miller v. Twiname, 129 App. Div. 623, 114 N. Y. Supp. 151. But when the results of blasting are not consequential, but direct, when dirt and stones are cast upon the premises of another, so that there is an actual physical invasion thereof, the question of negligence or want of skill is wholly immaterial. Hay v. Cohoes Company, 2 N. Y. 159, 51 Am. Dec. 279; Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274; Page v. Dempsey, 184 N. Y. 245, 77 N. E. 9. In Hay v. Cohoes Company, supra, the court say:

"A man may prosecute such business as he chooses upon his premises, but he cannot erect a nuisance to the annoyance of the adjoining proprietor, even for the purpose of a lawful trade. Aldred's Case, 9 Coke, 58. He may excavate a canal, but he cannot cast the dirt or stones upon the land of his neighbor, either by human agency or the force of gunpowder. If he cannot construct the work without the adoption of such means, he must abandon that mode of using his property, or be held responsible for all damages resulting therefrom. He will not be permitted to accomplish a legal object in an unlawful manner."

In Sullivan v. Dunham, supra, the court say:

"We think that the Hay Case has always been recognized by this court as a sound and valuable authority. After standing for 50 years as the law of the state upon the subject, it should not be disturbed, and we have no inclination to disturb it. It rests upon the principle, founded in public policy, that the safety of property generally is superior in right to a particular use of a single piece of property by its owner. It renders the enjoyment of all property more secure by preventing such a use of one piece by one man as may injure all his neighbors."

The complaint alleges that defendant is engaged in blasting within a short distance of plaintiff's factory, "which blasting is conducted in such a manner by reason of the negligence of the defendant that large rocks, stones, and other material are thrown and projected upon the property of the plaintiff, and upon and against said factory so as to break through the roofs and sides of said factory, injuring and destroying said buildings, the smokestack thereon, and the machinery and appliances contained therein." The tortious and wrongful act is specifically set forth, namely, the casting of rocks, stones, and other material upon plaintiff's property. Because plaintiff has also alleged that these acts are negligently done, the character of the action is not thereby changed. If the allegation relating to negligence were stricken from the complaint, it would still set forth a cause of action in trespass. Sullivan v. Dunham, 161 N. Y. 300, 55 N. E. 926, 47 L. R. A. 715, 76 Am. St. Rep. 274. "When the pleader has stated a fact with unnecessary particulars, as in pleading negligence, and the evidence contradicts some of the particulars, but shows a liability under the general averment, is there a fatal variance? It would seem that if the

unnecessary particulars could be stricken out, leaving a good pleading, they should be treated as surplusage and hence there would be no variance; otherwise, if the striking out would destroy the pleading." Bliss on Code Pleading (3d Ed.) § 215.  Defendant was not misled, for the fact of the trespass was admitted, although not the extent thereof. The referee has found that the acts complained of were wrongful and unlawful in character.  This finding was in accordance with the pleading and the proof offered to sustain it.

The next question in the case to be considered is one of damages. The learned referee has awarded to plaintiff damages for the loss and destruction of the tangible property owned by it, and also damages resulting to it by reason of interruption of its business and loss of profits resulting therefrom.  In the case of a temporary as distinguished from a permanent infringement of defendant's rights, the true measure of damages has been held to be (Joyce on Nuisances, § 488) the diminution in usable value of the property.  And in certain cases this has been defined to mean the value of the use of the premises to the occupant, as distinct from the rental of the premises named in the lease thereof by the owner to the tenant.  Hoffman v. Edison El. Illuminating Co., 87 App. Div. 371, 84 N. Y. Supp. 437; Bates v. Holbrook, 89 App. Div. 548, 85 N. Y. Supp. 673; Pritchard v. Edison El. Illuminating Co., 92 App. Div. 178, 87 N. Y. Supp. 225; Bly v. Edison Electric Illuminating Co., 111 App. Div. 170, 97 N. Y. Supp. 592; affirmed 188 N. Y. 582, 81 N. E. 1160.  In Bates v. Holbrook, supra, plaintiff had hired certain premises to be used for hotel purposes.  Defendant in constructing the subway under Fourth avenue, in the borough of Manhattan, had been guilty of acts which affected said premises and amounted to a nuisance in connection therewith, by reason of which guests were prevented from coming to plaintiff's hotel, hiring his rooms, and purchasing and paying for supplies.  The court said:

"While I think it is misleading to say that profits as such are recoverable, the principle which allows a recovery for profits is that where a person in possession of real property uses the real property to conduct his business, and where that business is seriously injured by a wrong, the measure of damages is the diminution in the usable value of the property to the person in possession, and that, where the business there conducted has relation to and is dependent upon the use of the property, the loss of business directly occasioned by the tresspass is the damage to the usable value of the property which was sustained by its occupant and for which the wrongdoer is responsible."

And again:

"It can thus be said that the wrongful act caused a diminution of the usable value of plaintiff's property to the extent to which he could show that the wrongful act prevented him from receiving from his guests the rent of the apartments and the amount that they would have paid for refreshments furnished them.  The usable value of the premises would be diminished by just the amount that his guests would have paid him, both for rental of rooms and the profits from supplies furnished, and did not pay because of the nuisance."

In Pritchard v. Edison El. Illuminating Co., supra, the court reaffirmed the doctrine, and said, referring to Bates v. Holbrook, supra:

"We there held that the measure of damages was the injury to the usable value of the property which was caused by the nuisance; that in case of a hotel such usable value could be determined by the decrease in the rent of

the rooms and the loss in the business of the hotel; and that this rule is not in violation of the principle that in actions of this character loss of profits is not recoverable."

This latter case was affirmed (179 N. Y. 364, 72 N. E. 243), without, however, passing directly upon this question. But in Bly v. Edison Electric Illuminating Co., supra, the rule in Bates v. Holbrook was again stated, and this judgment was afterward affirmed by the Court of Appeals without opinion. 188 N. Y. 582, 81 N. E. 1160. It is true that this rule was applied to a tenant in occupation of demised premises injuriously affected by the wrongful acts of another constituting a nuisance. I cannot see why, if plaintiff is the owner of property which he occupies himself, which is designed and used by him solely for the purpose of carrying on his business, and the wrongful acts of defendant make it impossible for a time for him to carry on the same, any different rule should be applied, although the wrongful acts are in the nature of repeated trespasses rather than strictly speaking a nuisance. If these acts diminished for such period of time the usable value of the property to plaintiff, and if the profits which he would otherwise have made can be ascertained with reasonable accuracy and certainty, such loss of profits are competent evidence upon the question of the extent of the injury to the usable value of the property. See, also, Lakeside Paper Co. v. State of New York, 45 App. Div. 112, 60 N. Y. Supp. 1081; Weeks v. State of New York, 48 App. Div. 357, 63 N. Y. Supp. 203. Of course, this rule is subject to the qualification that a person suffering from the tort or trespass of another is bound, so far as he reasonably can, to reduce his damages. Reisert v. City of New York, 174 N. Y. 196, 66 N. E. 731. It would be the duty of plaintiff, as soon as he reasonably could, to repair the damage which interfered with the use of his property and prevented him from carrying on his business. He could not suffer his mill or factory to remain indefinitely in a ruinous and dilapidated condition so that no business could be there carried on, and look to the wrongdoer to pay over to him as damages a sum equal to that which by his own industry and application he might otherwise have earned. If the injury was of so serious a character that repair was impossible, it would be his duty to seek another place in which to establish and carry on his business, only looking to the wrongdoer for reimbursement until such time as that could be accomplished by the exercise of reasonable diligence. But, if the rule is a sound one that under such circumstances loss of profits is competent evidence of injury to the usable value of the property, the judgment in this case would not be erroneous because in his report the learned referee had described the item of damage by the term "loss of profits" rather than "injury to the usable value of the property." This would be only characterizing the evidence, instead of the conclusion from the evidence.

It only remains to consider whether the evidence is sufficient to sustain this finding. In his report the learned referee has not set forth the items which go to make up the injury to the usable value of property by reason of loss of profits resulting from interference therewith. No request for more specific findings upon this question was made. If, therefore, there is evidence generally in the case sufficient to sus-

tain this finding, which is competent in character, the judgment will not be disturbed, although we may not be able to exactly determine upon what particular evidence the finding is based. There was evidence in the case from which the referee would have been perfectly justified in finding that, by reason of the injury to plaintiff's factory, it was compelled to and did suspend business for a period of about 17 days, at a time when its output was equal in value of $1,000 a week, upon which there was a profit of 25 per cent. There was also evidence justifying the finding that by reason of injury about 80 machines, yielding a profit of 25 cents a day, were idle for at least 30 days. There was also evidence justifying the finding that at that time plaintiff had orders for material equal to the full capacity of the mill, running at full time, and by reason of inability to fill some of its orders, owing to defendant's interference with its plant, these orders were canceled, and plaintiff was held liable in damages for breach of contract in a considerable sum. These various items amount to more than the sum allowed by the learned referee for damages upon this branch of the case. It is true that the evidence with regard to the relation of profits to gross output was general in its character, and the same is true with regard to the evidence relative to profit upon the use of the machines. Defendant, however, seems not seriously to have questioned the accuracy of this testimony, for it was not attacked or weakened upon cross-examination, and no evidence was introduced tending to contradict it. Defendant claims that the evidence shows that plaintiff did not seek to repair the damage done to its factory building as speedily as it might have done. If that is so, a sufficient reason is found therefor in the evidence satisfactorily establishing that delay in making repairs to the building was due to the request of defendant that it should be permitted to make the repairs at its own expense. This request was acceded to, and it was only after unreasonable delay on the part of defendant in fulfilling the promise which was made that plaintiff undertook to make its own repairs. There is no evidence that after that the work was not done with reasonable expedition, and, so far as the machines are concerned, the evidence is uncontradicted that with reasonable promptness the injury done to them was remedied.

Upon the whole case we think that no reversible error was committed in the trial of this action by the learned referee, and the judgment appealed from should be affirmed, with costs. All concur.