NATIONAL CELLULOSE CORPORATION, Respondent, *v.* STATE OF NEW YORK, Appellant.

(Claim No. 22256.)

Fourth Department, March 10, 1943.

*Nathaniel L. Goldstein, Attorney-General (Paul Muscarella* and *James H. Glavin, Jr.,* of counsel), for appellant.

*Louis L. Waters* for respondent.

*Per Curiam.* The evidence is clear that the claimant was damaged in 1930 and in 1931 by the operation of the Barge Canal. The evidence, however, does not support the findings that " the fair market value of the claimant's lands and premises in the years 1930 and 1931 was diminished, the annual rental value of claimant's lands and premises was diminished, the usable value of claimant's lands and premises was diminished and the

production was injured and diminished all in the aggregate sum of $55,000.'' One of the claimant's witnesses testified that the fair market value of the claimant's water rights at the end of 1929 was $130,000 and at the end of 1931 it was only $75,000. We think these estimates are without sufficient support in the evidence and that said witness based his estimate, in part at least, on incompetent evidence. In any event, since there was no permanent or temporary appropriation of claimant's water rights by the State at any time, the depreciation in value of the claimant's water rights was not the correct measure of damages. Since the State merely occasionally prevented the claimant from exercising its right to draw water from the pool behind the dam and breached its contract in that respect (*Frazee Milling Co. v. State of New York,* 122 Misc. 545, 549), we think the measure of damage was the reasonable value of the use of the water of which the claimant was deprived for the operation of its mill during the period of September to December, inclusive, in the years 1930 and 1931. There is evidence that the usable value of that water during said periods was $22,000. (*Pollitt v. Long,* 58 Barb. 20, 35, 36, cited in *Lakeside Paper Co. v. State of New York,* 45 App. Div. 112, 114; *Hall Sons' Co. v. Sundstrom & Stratton Co.,* 138 App. Div. 548, 552, affd. 204 N. Y. 660.) The court found that the claimant's predecessor in title, the Kenyon Paper Company, was required to shut down for lack of water during dry periods, August to November, inclusive, prior to Barge Canal construction, one-third of the time. We regard this finding as of little importance owing to the fact that at all times during September to December, inclusive, during the years 1930 and 1931, there was sufficient water in the pool to supply the claimant's power demands had the State permitted the claimant to draw water from said pool.

The judgment should be modified by reducing the recovery from $55,000 to $22,000 and as so modified the judgment should be affirmed, without costs.

All concur. Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

Judgment modified on the law and facts by reducing the recovery from $55,000, with interest, to $22,000, with interest, and as modified affirmed, without costs of this appeal to either party. Certain findings of fact disapproved and reversed and new finding made.