Nathan R. Sobel, J.
This case was tried without a jury.
The first cause of action is in negligence; the second in nuisance.
Plaintiff and defendant are tenants in the same factory building, the plaintiff occupying the loft beneath that of defendant.
Plaintiff claims property damage from a series of separate incidents (eight in all) between December, 1956 and July, 1959, when certain liquid substances leaked from defendant’s premises to the premises of plaintiff. The leaks and resulting damage were not continuous in nature. On the contrary these occurred only on the specified dates, at different parts of the premises and at different hours of the day.
No proof is advanced by the plaintiff as to the cause of these leaks. Nor does the defendant offer any explanation except to prove the expenditure of substantial sums of money both in physical plant and in changing its manufacturing processes to prevent these occurrences.
The parties for the dozen years or more in which they were tenants were good neighbors, co-operating with one another in remedying the resulting damage and preventing future damage until finally in exasperation at the failure of defendant’s efforts the plaintiff brought this action for all damages commencing with the first incident in December, 1956.
In summary plaintiff claims in the first cause of action that the defendant must have been negligent invoking the doctrine of res ipsa loquitur; or if not negligent plaintiff contends in the second cause of action that the manufacturing process conducted on defendant’s premises constituted the maintenance of an actionable private nuisance.
Defendant is a manufacturer of glazed fruit. As part of the manufacturing process the fruit, preserved in barrels con *304 taining brine and sulphur dioxide, is washed in large vats. As part of this latter process water pumped into the vats cause the brine and sulphur dioxide to overflow onto a terra cotta floor specially constructed for that purpose from which it is drained away in defendant’s pipes. Clearly the damage to plaintiff is caused by the preservatives leaking through the terra cotta floor into the plaintiff’s premises but why only at certain times and why in different places is not made clear by the evidence. The defendant has expended substantial sums in waterproofing the terra cotta floor at all points over a period of years as the damage to the plaintiff has occurred. There is established by the evidence a genuine and conscientious effort to avoid damage to plaintiff’s premises.
There is simply no direct proof of negligence on the part of the defendant. In a jury trial as urged in plaintiff’s excellent trial brief, the plaintiff would undoubtedly be entitled to a charge that where the incidents are of such a nature that in the ordinary course of events these would not have occurred if the defendant having control of the premises above had used reasonable care and that under such circumstances the law permits but does not require the jury to infer negligence from the happening of the incidents (Foltis, Inc., v. City of New York, 287 N. Y. 108; Moore v. Goedel, 34 N. Y. 527, 532). But as the jury in this nonjury trial, I rule that the evidence does not justify such inference.
There is left only the second cause of action in nuisance. Accurately used it is probable that the term nuisance is applicable to conditions or activities which threaten injury to persons outside given premises and not to tenants within such premises. (Miller v. Morse, 9 A D 2d 188, 193, and cases discussed.) Nevertheless I hold that in a factory building such as here involved such a cause of action will lie between tenants for nuisance without negligence.
There are many excellent decisions in this State which discuss the coincidence of negligence and nuisance (Morello v. Brookfield Constr. Co., 4 N Y 2d 83; McKenna v. Allied Chem. & Dye Corp., 8 A D 2d 463). In such cases the negligence and nuisance elements may be so intertwined as to be practically inseparable and any attempt to separate them is useless. (McNulty v. Ludwig & Co., 153 App. Div. 206, 213.)
There are fewer cases however which discuss actionable nuisance without negligence. It is nevertheless clear that nuisance may be established without a showing of negligence. (Waters v. McNearney, 8 A D 2d 13.)
*305 A good starting generalization is that a defendant has a right to the use of his own property even in a manner which may inflict damage on his neighbor.
But the use of one’s own land is not absolute. Surely if the use is unlawful there should be liability for damage whether in negligence or nuisance. But a cause of action in nuisance may arise even if the use is completely lawful. In such a case reasonableness of the use is the test. Waters v. McNearney (8 A D 2d 13, 15-16, supra) best states the general rule: ‘ ‘ Nuisance, whether based on negligence or not involves the reasonableness of the conduct involved. This reasonableness must take into account not only the action of the defendant which is complained of but also the interest of the plaintiff. The interest of the defendant here is to improve its land and establish a lawful business thereon and the interest of the plaintiffs is the use and enjoyment of their property. The general rule was stated in Booth v. Rome, Watertown & Ogdensburg Term. R. C. Co. (140 N. Y. 267, 274) to be that: ‘ no one has absolute freedom in the use of his property, but is restrained by the co-existence of equal rights in his neighbor to the use of his property, so that each in exercising his right must do no act which causes injury to his neighbor ’. This does not mean, however, that any injury which results from the lawful use of one’s property will entitle the injured party to redress. In that very case the injury had been caused to the plaintiff’s house by the vibrations from the defendant’s blasting. The court held that the blasting being done by the defendant had been temporary in nature to adopt its property to a lawful use and therefore inasmuch as there was no ‘ technical trespass ’ nor any negligence shown, the judgment for the plaintiff was reversed. Damages resulting from the vibrations from blasting may be compensated on the other hand where the blasting is continuous in nature and improvement of property is. not involved (Dixon v. New York Trap Rock Corp., 293 N. Y. 509). In the case of Bohan v. Port Jervis Gas-Light Co. (122 N. Y. 18, 25) involving a manufacturing plant emitting noxious odors, it was stated: ‘ one may have, upon his property, any kind of lawful business, and so long as it is not a nuisance, and is not managed so as to become such, he is not responsible for any damage that his neighbor accidently and unavoidably sustains. Such losses the law regards as damnum absque injuria.’ However, the court went on to say (p. 26): ‘ But where the damage is the necessary consequence of just what the defendant is doing, or is incident to the business itself, or the manner *306 in which it is conducted, the law of negligence has no application and the law of nuisance applies. (Hay v. Cohoes Co., 2 N. Y. 159; McKeon v. See, 51 id. 300.) ’ ”
Dean Prosser in his treatise on torts (2d ed., p. 389) states: “ There is perhaps no more impenetrable jungle in the entire law than that which surrounds the word ‘nuisance.’” What is meant is that what is “ reasonable use ” of one’s property necessarily varies with each case and each set of facts. (McCarty v. Natural Carbonic Gas Co., 189 N. Y. 40, 46.) Many practical as well as legal considerations enter into the determination including the economic benefits to one party measured against the economic injury to others; and in this connection the relative economic status of the parties. This is the “ economic utility doctrine.”
If for example in the instant case a method of manufacture could be devised at relatively small cost to the defendant to avoid flooding of the terra cotta floor by the overflow from the vats, defendant would be liable in nuisance. (Cf. Guarina v. Bogart, 407 Pa. 307.) Close questioning by me indicates that no such process is in use and the cost of developing a new process would be prohibitive to a small business now barely economic. Prom this viewpoint defendant’s conduct of its manufacture is reasonable and the fact that damage resulted does not mean in terms of nuisance that the use of his premises was unreasonable. (Blessington v. McCrory Stores Corp., 198 Misc. 291.)
However reasonableness is not alone determined by what the defendant may economically do on his own premises to avoid damage to Ms neighbor. This principle is merely to state obliquely that if the manufacture causes an unreasonable amount of harm to a neighbor there may be a nuisance even though under the “ economic utility doctrine ” the defendant has done all he may reasonably do on his own premises to avoid the harm.
In tMs ease, the plaintiff itself adopted a means of self-help to avoid the damage. It erected drip pans in various locations to catch the drippings from defendant’s premises. These drip pans from the evidence are effective and neither unsightly nor costly. Under the “reasonable use” rule measured by the standard of “ economic utility ” this measure to abate the condition caused by its manufacture could reasonably have been taken by defendant. To the extent that defendant failed to do so its conduct was unreasonable and resulted in the maintenance of an actionable nuisance.
I find for the plaintiff in the sum of $550. This represents in part, (1) the imtial damage of December 3,1956 (most other damage I disallow under the “ avoidable consequence rule,” *307 infra); (2) the damage to the conference room (item 5); (3) the cost of erection of the drip pans (items 6, 7d); the damage to finished equipment (item 8).
In so assessing damages I observe the rule of damages in nuisance cases (McCarty v. Natural Carbonic Gas Co., 189 N. Y. 40, 49, supra). The courts must proceed with great caution in this area. Losses unavoidably sustained, the law regards as damnum absque injuria. A defendant must not be punished for conduct entirely lawful and reasonable. Intent while not perhaps important in determining the existence of a nuisance, is a proper subject of inquiry upon the question of damages. Conversely, however, a plaintiff must take reasonable steps once damage occurs to guard against future harm. This “ avoidable consequence ” rule has not only a bearing on the existence of a nuisance but may prevent liability for all or part of the damage even when there is clearly a nuisance. (Under this rule, I have disallowed items Nos. 2, 3, 4, 7-a-b-c, 9.)