(15 App. Div. 169.)

### LAKESIDE PAPER CO. et al. v. STATE.

(Supreme Court, Appellate Division, Third Department. March 3, 1897.)

1. WATERS AND WATER COURSES—APPROPRIATION FOR ERIE CANAL.
   The state has no right, as against owners of mills on the outlet of Skaneateles Lake, to detain the water merely because it is so low that there would be no flow if the outlet had not been deepened by the state, where the mills were built in reliance on the flow through the deepened channel, and the rights of such owners were not included in the appropriation of the waters of the lake to feed the Erie Canal.

2. STATE BOARD OF CLAIMS—REOPENING CASE AFTER FINAL DECISION.
   It is discretionary with the board of claims to refuse to reopen case, and receive evidence, after it has rendered a final decision.

Appeal from board of claims.

Claims by the Lakeside Paper Company and others against the state of New York, presented to the state board of claims. From a decision of the board that no damages were sustained entitling plaintiffs to an award, they appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Edwin Nottingham and George Barrow (Charles A. Hawley, of counsel), for appellants.

T. E. Hancock, Atty. Gen., for respondent.

PUTNAM, J. The plaintiff, on the 14th day of January, 1893, presented to the board of claims a demand for damages alleged to have been sustained in consequence of the unlawful detention by the canal authorities of the state of the waters of Skaneateles Lake, for a period of 78 days between February 1 and April 29, 1892, from its mill, situate on the outlet of said lake. The board, after hearing the evidence offered by the appellant and by the state, on June 26, 1896, determined that there had been no unreasonable detention of the water by the canal authorities, as claimed by the plaintiff, at the time in question, and that the latter had sustained no damages entitling it to an award against the state. From such decision, the plaintiff has appealed to this court.

In Waller v. State and Skaneateles Paper Co. v. State, 144 N. Y. 579, 39 N. E. 680, the plaintiffs, like the appellant, were riparian proprietors on the Skaneateles Outlet, and claimed damages for the same stoppage of water from February 1 to April 29, 1892, for which this plaintiff now asks compensation. The claims on those cases were disallowed by the board of claims. On appeal to the court of appeals, this decision was reversed, and damages awarded to the claimants. The facts as stated at length in Waller v. State, supra, were substantially the same as appear in the case under consideration. A careful consideration of such statement of facts in the report of the case cited, and the opinion delivered by the court, leads to the conclusion that, under the doctrine there established, the award of the board of claims in this case cannot be sustained, and that, under the circumstances, an extended discussion of the questions submitted to us on this appeal is not called for.

The court of appeals held, in Waller v. State, that the appropriation by the state, in 1843, of the waters of the Skaneateles Lake, and the outlet of the same, for a reservoir and feeder to the Erie Canal, did not affect the rights of the lower riparian mill owners along the Skaneatles Outlet. Judge Peckham, in his opinion, uses the following language:

"We do not think that by the action of the canal board or the canal commissioners, or their combined action, these rights of the owners upon the stream below were included in the words of appropriation in the resolution of the canal board. Therefore neither they nor their predecessors had any ground upon which to base an appearance before the canal appraisers, and attempt to prove any permanent damage to their rights by virtue of the resolution of appropriation. The appropriation did not touch them or their rights. * * * This policy on the part of the state not to then take the rights of the riparian

owners further down the stream was not unwise at the time. For more than twenty years after the appropriation as stated, there was no trouble with these owners; and the state had all the water it required. And for more than twenty years, in addition, the occasions have been few for withholding the water, to the damage of the owners. It would probably have been quite expensive to extinguish those rights at that time, and the necessity for doing so was not present. The state continued on, therefore; and, when the necessity arose for temporarily withholding water, it was done, its liability for the damage it thus caused was acknowledged, and it was paid under legislative sanction. It is conceded that the state has never in fact paid for the permanent appropriation of these rights, and we find no hardship in making it liable for causing them temporary damage since the last payment on that account."

The learned judge, in his opinion, refers to the fact that the state, since the appropriation of the water of Skaneateles Lake, in 1843, had from time to time recognized the fact that its right to use the water of Skaneateles Lake for the purpose of a feeder to the canal was not inconsistent with the rights of the riparian owners below; and, in those cases where its withholding the supply of water was to such an extent as to prevent the operation of the machinery of the mills by the mill owners on the outlet below, such withholding was "unreasonable," and it had passed statutes providing for a compensation of such parties as were injured thereby. The decision in Waller v. State in effect holds that the right of the state to the water of Skaneateles Lake is that of an upper riparian owner, and also that the detention of the water by the canal board from February 1 to April 29, 1892, as against the lower riparian owners owning mills situate on Skaneateles Outlet, was unlawful and unreasonable, and entitled them to damages. I think, under the decision in the case cited, we are compelled to reverse the award of the board of claims in this case, the facts shown in that case and this being, as above suggested, substantially the same. See; also, City of Syracuse v. Stacey, 86 Hun, 441, 33 N. Y. Supp. 929.

But it is said in the opinion of Commissioner Beebe that the state, in 1888, lowered the outlet of Skaneateles Lake 2½ feet, from a place just below the dam, to some distance out into the lake, and that, at the time of the detention of the water for which the plaintiff seeks to recover damages, the water was so low in the lake that, had the channel remained in its original condition, the flow of water would not have furnished an adequate supply for the claimant's mill; hence the commissioner concludes that the detention of the water by the canal authorities at the time in question, under the circumstances, was not unreasonable. I am not entirely satisfied as to the correctness of the conclusion of the learned commissioner as to the facts assumed by him; but, conceding the facts to be as he states, I think the canal authorities were not authorized to stop for 78 days the supply of water from the plaintiff's mill that would otherwise have flowed through the channel in its changed condition. The state, in 1868, made a permanent change in the channel, by deepening it 2½ feet, and therefore, at the time of the detention for which the plaintiff claims damages, this condition had existed for about 24 years. The plaintiff and others have built and operated mills and factories, and expended large sums of money, relying upon the supply of water flowing through the Skaneateles Outlet as the channel was permanently

changed in 1868. After the lapse of so many years, the changed channel is to be regarded as a natural one, and the canal board had no more right to obstruct or prevent the flow of water through the same than it would have had had the channel always been as it now is. Belknap v. Trimble, 3 Paige, 577; Shepardson v. Perkins, 58 N. H. 354; Townsend v. McDonald, 12 N. Y. 381; Mathewson v. Hoffman, 77 Mich. 420, 43 N. W. 879; Ware v. Allen, 140 Mass. 513, 5 N. E. 629.

I think this is not a case where we should, under the provisions of chapter 451, Laws 1896, determine the amount which the plaintiff is entitled to recover, and direct an award accordingly, as in Waller v. State, supra, where the amount of damages, if any, to which the claimants were entitled, was stipulated.

It was a matter within the discretion of the board of claims whether or not to reopen the case after it had been finally submitted, and a decision rendered; and, under well-settled principles, we would not be justified in overruling its action in that regard; and therefore the order from which the appeal is taken should be affirmed.

The award of the board of claims should be reversed, and a new trial granted. All concur.