## LAKESIDE PAPER CO. v. STATE.

(Supreme Court, Appellate Division, Third Department. November 21, 1899.)

1. TORTS—DAMAGES—LOSS OF PROFITS.
> An owner of a paper mill is entitled to recover loss of profits for wrongful shutting off of the mill's water supply, where the amount of such loss can be shown with reasonable certainty.

2. SAME—INTEREST.
> In an action against the state for loss of profits caused by a wrongful shutting off of water supply to a paper mill, interest from date of filing the claim should be added to the award, where the collection of the claim has been delayed several years by unsuccessful litigation of the state.
> Putnam, J., dissenting.

Appeal from court of claims.

Claim by the Lakeside Paper Company against the state for damages to a paper mill by the wrongful act of the state in shutting off water to the mill for 78 days in 1892. From a judgment awarding only $1,692, claimant appeals. Reversed.

For former appeal, see 15 App. Div. 169, 44 N. Y. Supp. 281.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

Edwin Nottingham, for appellant.

John C. Davies, Atty. Gen., for the State.

LANDON, J. The plaintiff's paper mill was fully equipped with workmen and appliances, and was in profitable operation, when the state wrongfully withheld the water operating it for a period of 78 days. The claimant proved, I think, to a reasonable certainty, that the act of the state reduced its production of paper by 302 tons; that its profit thereon would have been $8 per ton, and consequently its loss upon that item was $2,416. The claimant proved to a reasonable certainty that the wages of its workmen, which it was obliged to pay, when they could render no useful service, were $715. The award

was $1,692, but upon what basis it was computed the record does not show. The amount awarded, however, shows that the claimant's demand for loss of profits was in great part rejected. We think the claimant was entitled to recover for loss of profits. The state was a wrongdoer, and therefore full compensation for the direct and directly consequential damages was the claimant's right. These include profits lost, when they are ascertainable. Schile v. Brokhahus, 80 N. Y. 614; Snow v. Pulitzer, 142 N. Y. 263, 36 N. E. 1059; Lacour v. Mayor, etc., 3 Duer, 406. They are given in case of breach of contract when they are satisfactorily proved, are the direct result of the breach, and when they may be presumed to have been within the contemplation of the parties to the contract. Wakeman v. Manufacturing Co., 101 N. Y. 205, 4 N. E. 264. But cases are frequent when they cannot be satisfactorily proved, or where they were the remote, and not the immediate, result of the breach, or where they were not within the contemplation of the parties to the contract. In any one of these three categories, lost profits are not recoverable. Some other measure of damages must be resorted to. Witherbee v. Meyer, 155 N. Y. 446, 50 N. E. 58. Whatever uncertainty may have existed before these cases, we think it is now settled law that in a case sounding in tort, like this, if the plaintiff can prove that lost profits were the direct result of the wrong, and can show to a reasonable certainty what they amounted to, he is entitled to recover them. If the claimant's proof did not appear to be reasonably satisfactory as to the amount of the loss of profits, then the value of the use of the water to the claimant, situated as it was, could have been resorted to. Pollitt v. Long, 58 Barb. 20. This would mean what was the value of the use of the water to its mill, fully equipped with workmen, whose wages must be paid, and which was operating at a profit of $8 per ton upon its production, of about 5½ tons per day,—not the mere rental value of the real estate to a lessee who would hire his own workmen. The evidence of the claimant was that it was worth from $36 to $40 per day. The state gave no evidence directly bearing upon the question. Instead of 429 tons, the usual product of the mill in 78 days, the claimant made but 127 tons, and this at an increased expenditure for coal. If the 127 tons represent 25 days' production at 5½ tons per day, there remain 55 days of loss, at at least $36 per day, equal to $1,980.

The damages were caused in 1892, and the claimant's demand has been delayed by the unsuccessful litigation of the state. Lakeside Paper Co. v. State, 15 App. Div. 169, 44 N. Y. Supp. 281. We think interest from the date of filing the claim might properly be added to the award; otherwise, full compensation may not be awarded. Wilson v. City of Troy, 135 N. Y. 96, 32 N. E. 44.

The judgment, so far as appealed from, is reversed, and a new hearing granted; costs to abide the event. All concur, except PUTNAM, J., who dissents.