(48 App. Div. 357.)

### WEEKS v. STATE.

(Supreme Court, Appellate Division, Third Department. March 7, 1900.)

1. EMINENT DOMAIN—DAMAGES—LOSS OF PROFITS.

   In an action against the state for damages for withholding water from plaintiff's mills, the loss of profits sustained thereby should be the basis of plaintiff's damages, where such profits can be ascertained with reasonable certainty.

2. SAME—RENTAL VALUE.

   In an action against the state for withholding water from plaintiff's mills, the rental value of the property is immaterial.

3. SAME—WAGES OF EMPLOYES.

   Where the state wrongfully withholds water from a mill, the mill owner is entitled to recover, in addition to the amount of profits lost by interference with the operation of the mill, the amount necessarily paid employés while the mill was necessarily idle.

4. SAME—INTEREST.

   One claiming damages from the state for wrongfully withholding water from his mill is entitled to interest from the date of the filing of the claim, to be added to the award.

Appeal from court of claims.

Claim by Forest G. Weeks against the state for damages caused by withholding the flow of water from a certain lake to claimant's paper mill, thereby preventing its operation. From a judgment awarding a sum less than the amount claimed, the claimant appeals. Reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Edwin Nottingham, for appellant.

John C. Davies, Atty. Gen. (George H. Stevens, Dep. Atty. Gen., of counsel), for the State.

HERRICK, J. We have heretofore held in the case of Lakeside Paper Co. v. State (Sup.) 60 N. Y. Supp. 1081,—a case similar to this,—that the claimant can recover for the loss of profits when they are ascertainable to a reasonable certainty. It is not to be expected that the exact amount of profits lost can be ascertained in any case. In the case before us there is no dispute as to the profits made upon a ton of paper, and I think the claimant proved with reasonable certainty the number of tons of paper he was prevented from making by reason of the withholding of water from his mills. In addition to evidence as to such loss of profits, evidence was also given as to the rental value of the mills; also items of alleged loss by reason of the payment of workmen, whom he was compelled to keep in and about his mills, and for whom there was nothing to do. Also evidence was given as to the decreased profits upon the paper manufactured by him when the water was only partially withheld. It does not appear upon what basis the court of claims computed the amount it found due the plaintiff in this case, but upon any computation that I have been able to make as to the amount of profits lost it seems to me that the loss of profits was not the basis of the judgment rendered, and, as they can be reasonably ascertained, that should be the basis, and, if it is made such, then the rental value is not to be taken into consideration. The plaintiff is also entitled to recover the amount which it appears was necessarily paid employés while the mill was necessarily idle because of the acts of the defendant. In the Lakeside Paper Co. Case, we also held that the claimant was entitled to interest from the date of the filing of the claim, to be added to the award. That has not been done in this case.

For these reasons, the judgment of the court of claims should be reversed, and a rehearing granted, with costs to abide the event. All concur.