### LAKESIDE PAPER CO. v. STATE.

(Supreme Court, Appellate Division, Third Department. November 14, 1900.)

1. APPEAL AND ERROR—GROUNDS FOR DECISION—EVIDENCE.

    On appeal from an award by the court of claims, the ground of the decision must be found in the decision itself, and hence grounds stated in the opinion of the court are immaterial.

2. SAME—STATES—CLAIMS.

    Where a proceeding against the state before the court of claims was appealed to the supreme court, and the decision rendered in the court of claims on the retrial was a possible result as a resolution of a question of fact from an application of the rules laid down by the court on the appeal, the decision cannot be reversed on subsequent appeal, though a false theory, indicated only in the court of claim's opinion, not shown by the decision itself, appears to have been applied, since the supreme court in the second appeal must assume that the method by which a proper judgment might have been arrived at was followed.

3. SAME—DAMAGES—INTEREST.

    Where, on an appeal from the court of claim's decision, it appeared that claimant was awarded interest on damages recovered only from the date of the judgment from which a prior appeal had been taken, and on a

prior appeal of the same cause it had been held that claimant was entitled to interest from the date of filing the claim, the judgment will be modified so as to conform to the prior decision.

Appeal from court of claims.

Claim by the Lakeside Paper Company against the state of New York for damages for wrongfully diverting a water course. From a judgment of the court of claims in favor of claimant for a part only of the relief demanded, it appeals. Modified.

This appeal is from that part of the judgment awarding damages; the ground of the appeal, insufficiency of damages. This claim was originally tried in 1896, upon which trial the court of claims dismissed the claim. Upon appeal this determination was reversed, and a new hearing ordered. See 15 App. Div. 169, 44 N. Y. Supp. 281. The case was retried in the court of claims in 1898, resulting in a judgment for the claimant of $1,692. This judgment was reversed in this court on account of insufficiency of damages. The claim was again heard, and resulted in the judgment from which this appeal is taken. The claimant was the owner of a paper mill upon the outlet of Skaneateles Lake. The state owns and controls a dam at the outlet of the lake, by means of which it controls the discharge of the water from the lake into the outlet. During a part of 1892 the state withheld the water from this outlet, and thereby deprived the plaintiff of the power to run his mill, causing the damage for which this claim is made.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

E. Nottingham, for appellant.
John C. Davies, Atty. Gen., for the State.

SMITH, J. By the settled practice of the courts the grounds of a decision must be found in the decision itself, and cannot be looked for in an opinion. Upon the former appeal the rules of law by which the damage should be measured were enunciated, and the court of claims will be presumed to have followed these rules, unless it otherwise appear from their decision. The result stated in the decision is a possible result as a resolution of a question of fact, the court passing upon the credibility of the evidence for the claimant. We are required, then, upon this appeal to assume that such was the method by which it was reached; and, even if we deemed a false theory indicated in the opinion, the error is beyond our reach. It appears in the decision, however, that the interest upon the damage was awarded only from the date of the first judgment, to wit, June 26, 1896, and not from the date of the filing of the claim. That the claimant is entitled to this interest upon his claim from the date of the filing of the claim seems to have been settled both in this court and in the court of appeals, and in this very case. See this case upon the former appeal, 45 App. Div. 114, 60 N. Y. Supp. 1081. Wilson v. City of Troy, 135 N. Y. 96, 105, 32 N. E. 44, 18 L. R. A. 449; Weeks v. State, 48 App. Div. 357, 63 N. Y. Supp. 203. The authorities cited by the learned judge below are all cases of breach of contract, and in Wilson v. City of Troy, supra, that class of cases is clearly distinguished from cases where the action is brought for a trespass, where it seems to be held that interest should, as a matter of law, be allowed. This judgment should be modified, therefore, by adding thereto the interest upon $2,242 from January 14, 1893, to June 26, 1896, and, as thus modified, affirmed, with costs of this appeal to the claimant. All concur.