LEVERING & GARRIGUES CO. v. CENTURY HOLDING CO. et al.
(No. 6531.)

(Supreme Court, Appellate Division, First Department.  December 18, 1914.)

1. DAMAGES (§ 68*)—INTEREST—LIABILITY—UNLIQUIDATED DEMAND.
   A contractor, who was to be paid the final installment 60 days after completion of the work, who contended that the owner was not entitled to any deduction on account of items in which the contractor had failed to complete the contract, and who offered evidence that the allowance should have been less than that made by the court, could not claim that the owner should have known what balance was due it on the final payment, and hence was not entitled to interest thereon.
   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 141–143;  Dec. Dig. § 68.*]

2. CONTRACTS (§ 300*)—BUILDING CONTRACTS—PERFORMANCE—EXCUSE.
   The time fixed by a building contract for the performance of the contractor's work was abrogated by the owner's delay in the performance of preliminary work, and the contractor had a reasonable time, under all the circumstances, for completing performance after the owner's performance.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1372–1381;  Dec. Dig. § 300.*]

3. MECHANICS' LIENS (§ 281*) — ACTION TO ENFORCE — EVIDENCE — NONPERFORMANCE OF WORK.
   Evidence in an action to enforce a mechanic's lien *held* to warrant an inference that it was impracticable for a contractor to remain ready during a period when its actual work would be interfered with by the owner's delay in preliminary work.
   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 565–572;  Dec. Dig. § 281.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. APPEAL AND ERROR (§ 1071\*)—HARMLESS ERROR—FINDING.**

In a contractor's action to enforce a mechanic's lien, where it was excused by the owner's delay in performing the preliminary work, and where it was impracticable for it to remain ready for work during such delay, a failure to find that it performed no work during that time was immaterial, and not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. § 1071.\*]

**5. APPEAL AND ERROR (§ 1046\*)—REMARK OF COURT—HARMLESS ERROR.**

In a contractor's action to enforce a mechanic's lien, where there was no delay on the part of plaintiff in obtaining the steel for its structural work, and where the court's failure to find that the delay was not caused by such failure was immaterial, a remark of the court, not ruling that the delay was thereby excused, even if indicating an erroneous view with respect to that point, was not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4128–4131, 4134; Dec. Dig. § 1046.\*]

**6. APPEAL AND ERROR (§ 1177\*)—REVIEW—CORRECT JUDGMENT.**

The Appellate Division is not required to grant a new trial in an action tried before the court, where the judgment is right on the material facts as it finds them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. § 1177.\*]

**7. MECHANICS' LIENS (§ 281\*)—ACTION TO ENFORCE—EVIDENCE.**

In a contractor's action to enforce a mechanic's lien, a finding that it completed the work within a reasonable time after the day when it was practicable to begin *held* sustained by the evidence.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 565–572; Dec. Dig. § 281.\*]

**8. MECHANICS' LIENS (§ 280\*)—ACTION TO ENFORCE—EXCLUSION OF EVIDENCE.**

In a contractor's action to enforce a mechanic's lien, where the owner was not entitled to recover on its counterclaim for the loss of rental value, the exclusion of evidence as to the loss of rental value was not erroneous.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 557–563; Dec. Dig. § 280.\*]

Appeal from Special Term, New York County.

Action by the Levering & Garrigues Company against the Century Holding Company and another. From a judgment in favor of plaintiff, entered upon a trial of the issues, defendants appeal. Modified and affirmed.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Louis Salant, of New York City, for appellants.

Frank M. Avery, of New York City (Edgar J. Phillips, of New York City, on the brief), for respondent.

LAUGHLIN, J. This is an action for the foreclosure of a mechanic's lien. The defendant the Century Holding Company was the owner of premises known as Nos. 25–33 West Forty-Fifth street, borough of Manhattan, New York, and on the 26th day of May, 1912, it entered into a contract in writing with the plaintiff, by which the latter agreed to "provide all the materials and perform all the work for furnishing

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and erecting the structural steel work" according to plans and specifications for the erection on the premises of a 16-story loft building, for the agreed price of $66,750, payable in four installments. The defendant United States Fidelity & Guaranty Company executed as surety an undertaking on which the lien was discharged. The plaintiff substantially completed its contract, but for certain omissions the defendants were allowed $687. The plaintiff also performed extra work of the value of $2,398.48. The first two installments were paid in full, and $2,159.73 was paid on account of the extra work. The plaintiff has recovered the balance of the value of the extra work, and the third and fourth installments, less the deduction allowed for uncompleted items, together with interest on the balance for extra work and on the third and fourth installments.

[1] The only complaint made by the appellants with respect to the recovery on plaintiff's cause of action is concerning the interest; but they contend that the owner was entitled to recover on its counterclaim, which was dismissed. The final installment was payable 60 days after completion of the work. The court found that the work was substantially completed on the 1st day of February, 1913, but for some reason not explained, and not important, since the plaintiff did not appeal, the plaintiff was allowed interest on the third installment, which was payable at the date of substantial completion, only from the 28th day of February, 1913. The court found that the plaintiff had performed all the work, with the exception of the items for which an allowance has been made, on or about the 11th day of April, 1913, and that the final payment under the contract and the payment for the extra work became due on the 11th day of June, 1913, and interest thereon was allowed from that date.

The learned counsel for the appellants contends that no interest should have been allowed, for the reason that by the plaintiff's failure to complete performance of the contract in all respects the amount due the plaintiff was unliquidated. We are of opinion that this contention is sound with respect to the final payment under the contract. The owner claimed that it was entitled to an allowance on account of the items in respect to which the plaintiff failed to complete the contract for considerably more than was allowed by the court, and the plaintiff contended that the owner was not entitled to any deduction, and contested the making of any allowance with respect thereto on the trial, and concerning two of the items offered evidence tending to show that the allowance should have been less than that made by the court. The plaintiff, therefore, is in no position to contend that the defendant should have known what balance was due the plaintiff on the final payment. If the plaintiff and defendant had agreed with respect to the amount to be deducted, then there would be a basis for its claim for interest on the balance. The excessive interest thus recovered appears to be $499.40.

[2-4] The owner's counterclaim is for damages for rental value on account of the failure of the plaintiff to complete performance of its contract within a reasonable time after the 20th day of November, 1912. The appellants contend that the court erred in excluding evidence of-

fered to show the damages sustained by the loss of rental value for the period between the time when the plaintiff should, as they claim, have completed the contract and the time of completion. By the express terms of the contract the owner was to excavate and construct the foundation, and it agreed to complete this work free from obstruction and readily accessible on or before the 5th day of August, 1912. The plaintiff agreed to commence its work on the day after the completion of the foundation by the owner. The first work to be performed by the plaintiff was the construction of the grillage, or substructure, on the foundation; and it agreed to commence this work on or before the 6th day of August, 1912, and to commence the construction of the superstructure on or before the 20th of the same month, and to complete its work on or before the 25th day of September, 1912. It is conceded that the owner failed to perform its contract, in that it did not complete the foundation until the 20th day of November, 1912. The plaintiff in the meantime had commenced the construction of the grillage, or substructure, on the foundation, as parts of the foundation were completed by the owner, and it completed the same on the 20th day of November, concurrently with the completion of the foundation by the owner. It then had a foreman and a number of men on the premises, who had been employed in constructing the grillage or substructure.

On the morning of that day the plant used in the construction of the foundation still occupied the street adjacent to the premises, so that free access to the premises was not afforded the plaintiff to proceed with the delivery of material and the construction of the superstructure. The plaintiff thereupon sent its foreman and employés to work on another job. Evidence on the part of the defendant tends to show that by noon on that day the plant used in the construction of the foundation had been removed and the premises were ready for the plaintiff to proceed with its work; but there is no evidence that it so notified the plaintiff, or that it gave notice to the plaintiff in advance that it would complete the foundation on that day and have the plant removed, so that plaintiff might arrange to have material delivered for the superstructure. It is to be inferred that the plaintiff's shops where the steel was fabricated were outside the city, for its letter heads so show and it appears that the material was hauled from a dock to the premises on which the building was being erected. The plaintiff commenced delivering material for the superstructure on the 29th day of November, and its foreman and employés returned on that day and resumed work the next day.

The appellants complain of the failure of the trial court to find that the plaintiff did no work between the 20th and 29th days of November. The court, however, found that the plaintiff completed the work within a reasonable time after the owner finished the construction of the foundation. There is no question with respect to the law applicable to the case, for by the express terms of the contract, as well as under the general rule of law, the time prescribed by the contract for the performance of the plaintiff's work was abrogated by the owner's delay, and the plaintiff had a reasonable time under all the circum-

stances for completing performance after the expiration of the delay caused by the owner. It would seem that more proof could and should have been made to the effect that it was impracticable for the plaintiff to remain ready to proceed with the work at any moment the owner finished the foundation and the premises were free to permit ·it to proceed; but the circumstances are such, we think, as to fairly warrant the inference that it was impracticable for it thus to remain ready. Owing to the delay of the owner, the season had changed, and the plaintiff had other work which required its attention. We are therefore of opinion that, although the facts were as claimed by the appellants with respect to there being no work performed during those nine days, the failure of the court so to find is immaterial, and not prejudicial to the rights of the appellants.

[5] The appellants claim that remarks of the court at the close of the evidence show that the court was under the erroneous impression that plaintiff's delay in resuming work after the 20th of November was caused by its being delayed in receiving material from. the Bethlehem Steel Company, with which by the express provisions of the contract the plaintiff was not to be chargeable. It is conceded that there was no delay from that cause, and that plaintiff received no material from the . Bethlehem Steel Company. The record does not show that counsel for either party considered at the time that the remarks of the court indicated an erroneous view with respect to the evidence. As no evidence with respect to that point was offered, it is probable that the court was referring to the provision of the contract as indicating that the plaintiff was not held unconditionally to completion within a given time, and did not intend to rule, and was not understood as ruling, that the delay was excusable on that ground. The failure of the court to find, as requested by appellants, that the delay was not caused by the failure of said steel company to deliver material to plaintiff is immaterial, and does not show that the court excused the delay on an erroneous theory.

[6] Moreover, the court is no longer required to grant a new trial in an action tried before the court, where the judgment is right on the material facts as we find them.

The other claims made by the appellants with respect to delay on the part of the plaintiff in proceeding with due diligence are without merit, and require no discussion.

[7] We are of opinion that the finding of the court to· the effect that the plaintiff completed the work within a reasonable time after the 20th of November is fairly sustained by the evidence.

[8] That being so, no error was committed in excluding evidence with respect to the loss of rental value, for the owner is not entitled to recover on its counterclaim; and ·in so ruling we express no opinion with respect to whether the damages, if recoverable, would have been measured by a liquidated damage clause in the contract, or by the loss of rental value.

It follows that the judgment should be modified, by deducting from the recovery the excess of interest, and, as so modified, affirmed, without costs. All concur.