JAMES B. REGAN, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, December 29, 1916.

Municipal corporations — negligence — failure to shut off water from broken main — injury to adjoining property — damages — interest.

In an action against a city to recover damages sustained by its failure to exercise due diligence in shutting off the water from a broken main with the result that the plaintiff's premises were flooded, the court may allow the jury in its discretion to award interest on the value of the property destroyed or damaged.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of February, 1916, upon the verdict of a jury for $3,820.36, and also from an order entered in said clerk's office on the 10th day of February, 1916, denying defendant's motion for a new trial made upon the minutes.

*E. Crosby Kindleberger* [*Terence Farley* with him on the brief], for the appellant.

*Max D. Steuer* [*Sidney J. Loeb* with him on the brief], for the respondent.

LAUGHLIN, J.:

This action was brought to recover damages sustained by the plaintiff as the owner and proprietor of the Knickerbocker

First Department, December, 1916.　　　　[Vol. 175.

Hotel, at the southeasterly corner of Broadway and Forty-second street, in the borough of Manhattan, New York, by the breaking of a water main owned and controlled by the city in one of the streets adjacent to the hotel, whereby the lower part of the hotel was flooded.

The case was tried and submitted to tne jury under instructions by the learned trial court in accordance with the rule applicable to the city's liability in such cases laid down by this court in *Von Lengerke* v. *City of New York* (150 App. Div. 98) and affirmed by the Court of Appeals (211 N. Y. 558), and the damages which the plaintiff was entitled to recover were properly limited to those caused by the failure of the city to exercise due diligence in shutting off the water after it had notice of the break in the water main. The evidence fairly sustains the verdict.

At the close of the charge a question arose with respect to whether or not the plaintiff was entitled to interest on the amount which the jury should find to be the value of the property destroyed and the injury to property not wholly destroyed. The record shows that counsel for the respective parties differed with respect to whether or not interest was recoverable; and counsel for the plaintiff suggested that it be left to the discretion of the court, and that appears to have been acquiesced in. The jury, by their verdict, however, not only fixed the value of the property destroyed, and the amount that other property not wholly destroyed was injured, after the lapse of a reasonable time after notice to enable the city to turn off the water, but rendered a verdict for that amount " with interest." Thereupon the court, evidently acting on the concession of counsel when the case was submitted to the jury, computed the interest, and it was included in the recovery.

No point is made with respect to the informality of the verdict in that the jury did not compute the interest. The point presented by counsel for the appellant is that interest was not recoverable in any event; and this contention is predicated on the fact that the damages were unliquidated, and not capable of definite ascertainment until they were determined by the jury.

On such state of facts the rule is well settled in actions on

contract that interest is not recoverable. (*Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 114 N. Y. 331; *Gray* v. *Central R. R. Co. of New Jersey*, 157 id. 483; *People ex rel. Cranford Co.* v. *Willcox*, 207 id. 743; *Excelsior Terra Cotta Co.* v. *Harde*, 181 id. 11; *Levering & Garrigues Co.* v. *Century Holding Co.*, 165 App. Div. 174.)

No case in the Court of Appeals or Appellate Division or the General Term of the Supreme Court is cited, and we have found none in which that rule has been applied to actions for damages to property caused by negligence; but on the contrary in such actions the rule universally applied is that in order to afford complete indemnity to the person whose property has been destroyed or damaged through the negligence of another the jury, or the court on a trial before the court without a jury, may in the discretion of the jury or court award interest also. (*Wilson* v. *City of Troy*, 135 N. Y. 96; *Mairs* v. *Manhattan Real Estate Assn.*, 89 id. 498; *Duryee* v. *Mayor, etc.*, 96 id. 477; *Moore* v. *N. Y. Elev. R. R. Co.*, 126 id. 671; *Jamieson* v. *N. Y. & Rockaway Beach R. Co.*, 11 App. Div. 50; *Brush* v. *Long Island R. R. Co.*, 10 id. 535. See, also, *Reading & Pottsville R. Co.* v. *Balthaser*, 126 Penn. St. 1.) On principle it would seem that this is the correct rule, for while it would be unjust in an action for breach of contract, where the damages are incapable of ascertainment, to require the defendant to pay interest for his failure to pay unliquidated damages, there is no injustice in awarding interest against a party who wrongfully or negligently destroys or injures the property of another; and in actions for trover, trespass and replevin interest is recoverable as matter of right. (*Lakeside Paper Co.* v. *State of New York*, 55 App. Div. 208; *Parrott* v. *Knickerbocker & N. Y. Ice Cos.*, 46 N. Y. 361.) Interest was, therefore, properly awarded in the discretion of the jury.

It follows that the judgment and order should be affirmed, with costs.

CLARKE, P. J., McLAUGHLIN, DOWLING and DAVIS, JJ., concurred.

Judgment and order affirmed, with costs.