L. Distillator & Son, Inc., Plaintiff, *v.* Philip Smith and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Sixth District, April 27, 1931.

*Roe & Kramer* [*Charles B. Kramer* of counsel], for the plaintiff.

*Goldberg & Levitt* [*Harry Goldberg* of counsel], for the defendants.

David C. Lewis, J. At the conclusion of the trial the plaintiff elected to go to the jury on the theory of an alleged conversion committed by the defendants on or about the 2d day of November, 1928. The court instructed the jury that if the plaintiff prevailed, it would be entitled to interest, to be computed on the value of the property converted from the date of the conversion.

The jury returned a verdict in the sum of $404.61, " with interest." The clerk, in entering the judgment, omitted the interest.

The defendants insist that the allowance of interest in an action of this type rests in the discretion of the jury and that it is " wholly improper " for the trial court to allow or add interest to the verdict rendered by the jury.

From a reading of some of the decisions one could gather that the question was involved in controversy.

Notwithstanding respected expressions of other tribunals to the contrary, the Court of Appeals has positively and plainly settled the question, giving both the rule and the reason: " We are concerned now only with the rule applicable in actions of tort. The right to interest, as a part of the damages, in actions of trover and trespass *de bonis asportatis* was given first in England by statute third and fourth William IV. The recovery was not, however, allowed by that statute as matter of right but in the discretion of the jury. The earlier cases in this state followed the rule thus established in England, and permitted the jury, in their discretion, to allow interest in such cases. (*Beals* v. *Guernsey*, 8 Johns. 446;

*Hyde* v. *Stone*, 7 Wend. 354; *Bissell* v. *Hopkins*, 4 Cow. 53; *Rowley* v. *Gibbs*, 14 Johns. 385.)

" *The principle that the right to interest in such cases was in the discretion of the jury was, however, gradually abandoned and now the rule is that the plaintiff is entitled to interest on the value of property converted or lost to the owner by a trespass as matter of law. The reason given for the rule is that interest is as necessary a part of a complete indemnity to the owner of the property as the value itself, and in fixing damages, is not any more in the discretion of the jury than the value.* (Andrews* v. *Durant*, 18 N. Y. 496; *McCormick* v. *Penn. C. R. R. Co.*, 49 id. 315; *Buffalo & H. T. Co.* v. *Buffalo*, 58 id. 639; *Parrott* v. *Knickerbocker & N. Y. Ice Co.*, 46 id. 369.)" (Italics mine.) (*Wilson* v. *City of Troy*, 135 N. Y. 96, at p. 104.)

While in torts of another class costs are discretionary with the jury (*Regan* v. *City of New York*, 175 App. Div. 861; *Hart* v. *Brunswick*, 222 id. 831), when the action sounds in conversion or trover, the plaintiff is " entitled to interest on the value of the property converted or lost to the owner as matter of law."

The clerk, therefore, should be directed to add interest to the verdict. (*McLaughlin* v. *Brinckerhoff*, 222 App. Div. 458.)