CLIFFORD B. BLACK et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 28481.)

MARY W. HARVEY, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 28509.)

Court of Claims, July 12, 1949.

*Irving S. Devorsetz* and *Albert Averbach* for claimants.

*Nathaniel L. Goldstein,* Attorney-General (*James G. Austin* and *Robert J. Cooney* of counsel), for defendant.

RYAN, J. The claimants Black seek to recover from the State of New York the sum of $228.80, and the claimant Harvey seeks to recover the sum of $160.50, the amounts of damages respectively sustained when their camp properties at Polar Beach were flooded by waters of Oneida Lake in the months of April to June, 1947. The injury was caused by Caughdenoy Dam. The State of New York has responded in damages many times to many owners of property bordering on the lake for the negligent construction and maintenance of this dam. Its liability has been established. We need cite only *Haskell* v. *State of New*

*York* (13 N. Y. S. 2d 192, affd. 258 App. Div. 930, motion for reargument denied and motion for leave to appeal granted, 259 App. Div. 787, affd. 283 N. Y. 612). As it is here conceded that there have been no changes in the physical structures at Caughdenoy since the *Haskell* decision (*supra*), that case is authority for an award herein on the basis of the first of two factors of negligence upon which the claimant Haskell recovered, viz., inadequate flood control facilities. In the *Haskell* case the court also found that there was negligent operation of such facilities as existed. Here negligent operation has been pleaded but not proved. The first factor is sufficient to support an award.

Upon the foregoing statement it might appear that further discussion is unnecessary. However, the Attorney-General has interposed the defense that the State of New York has acquired by prescription the right to flood the lands of these claimants. This defense was not pleaded, the Attorney-General relying on rule 13 of the Rules of the Court of Claims which provides that " The state is not required to answer a claim and all allegations in the claim are treated as denied." (Bender's Ct. Rules [1st ed.], p. 214.) Upon the trial claimant's counsel first took the position that the proposed defense being an affirmative one, the defendant could not avail itself thereof unless it was pleaded. Later, however, counsel withdrew his objection and we are saved the question so far as this case is concerned.

Except for a claim filed by Mr. and Mrs. Black on September 15, 1945, to which we shall hereinafter refer, no previous claims to recover damages for the flooding of their lands were ever filed by these claimants or by any of their predecessors in title. Caughdenoy Dam was built in 1909 for the design and purpose of holding water levels of Oneida Lake to a minimum elevation of 370 Barge Canal datum, a level necessary for maintaining a navigable depth of twelve feet of water. In 1914, a flood gate was installed in the dam and in 1935 a guard gate was placed near Lock 23. These structural changes were discussed in the *Haskell* opinion (*supra*). The dates are important because, as we understand his position, the Attorney-General asserts that the twenty years which elapsed between them, during all of which Oneida Lake was regularly used by the State of New York in each navigation season, satisfy the time element for acquiring prescriptive right.[1] Upon the premise that the time

---

[1] Fifteen years may be sufficient. See Civ. Prac. Act, §§ 34–47, as amd. by L. 1932, chs. 261–264; *Klin Co.* v. *New York R. T. Corp.*, 271 N. Y. 376; *Felberose Holding Corp.* v. *New York R. T. Corp.*, 244 App. Div. 427.

for prescription had run, the Attorney-General attempted to prove that the elevation of the lands owned by the claimants was such and that the waters of Oneida Lake rose to such heights that in each year from 1914 to 1936 a portion of the lands owned by the claimants was flooded and he asks for a finding to that effect. Upon such proposed finding the Attorney-General asks us to conclude that the State has acquired by prescription the right to affect water levels on the claimants' property to the extent that occurred in the year 1947. We are unable to make such a finding or to reach such a conclusion because of failure of proof. For the pertinent requests the Attorney-General relies upon certain records of gage readings, Exhibit LL, a map, Exhibit M, and the testimony of a State engineer, Glenn H. Austin. Scrutiny of these exhibits and of the transcript of Mr. Austin's testimony discloses that they do not support the requests made. Mr. Austin's testimony, as we read it, and the map, Exhibit M, which he made, relate only to the Black property and we can find in the record of the trial no proof at all of elevations taken on Mrs. Harvey's property. Moreover, Mr. Austin's surveys were made in November, 1947, and in May, 1948, both subsequent to the flood of June, 1947. Necessarily they do not take account of any erosion that may have occurred nor of any fill or replacement of soil that may have been made by the property owners. But assuming for the purpose of argument that the elevations of the Black property throughout the years since Caughdenoy Dam was built were the same as the witness Austin found them to be in 1947 and in 1948, the proof is still insufficient to satisfy the essential elements of prescription. The gage readings, Exhibit LL, show that on only a few occasions, in some years on only one or two days, the waters of Oneida Lake rose high enough to reach any portion of the Black property. To what extent the property was flooded does not appear. Nor is the testimony of the witness Erhardt, who bought a lot at Polar Beach in 1910 and built his house a year after, sufficiently definite and certain to enlighten the court on this point. The flow was not continuous and uninterrupted. The use was not adverse. The defense has not been established in respect to either the Black claim or the Harvey claim. (*Hammond* v. *Zehner*, 21 N. Y. 118; *Prentice* v. *Geiger*, 74 N. Y. 341; *Lewis* v. *New York & Harlem R. R. Co.*, 162 N. Y. 202; 2 Farnham, Waters and Water Rights, §§ 559, 560; 2 Thompson on Real Property, § 666.)

We mentioned, hereinabove, that Mr. and Mrs. Black filed a claim on September 15, 1945. That claim was pursued to judgment which was entered November 7, 1945, upon the written consent of the Superintendent of Public Works to the compromise of the claim. That judgment recited that the claimants had made proof of their claim for damages to their property " occasioned by reason of the negligent construction, maintenance and operation by the State of New York of the Barge Canal." Implicit therein and necessary thereto was a finding that the State had no right to flood the claimants' lands. The State is now estopped from asserting that it had such right. (*Reich* v. *Cochran,* 151 N. Y. 122; *Canfield* v. *Harris & Co.,* 252 N. Y. 502; *Crouse* v. *McVickar,* 207 N. Y. 213.) We so held when the motions to dismiss were made upon the trial.

These claimants are entitled to recover upon their respective claims. Separate awards are directed in the amounts above stated. To each award is added interest from the date of the filing of the claim. (*Wilson* v. *City of Troy,* 135 N. Y. 96; *Lakeside Paper Co.* v. *State of New York,* 55 App. Div. 208; *People's Gas & Elec. Co. of Oswego* v. *State of New York,* 105 Misc. 231; *Di Laura* v. *State of New York,* Claim Nos. 25504, 25562, 25622.)

Decisions accordingly.