Jacob Markowitz, J.
The plaintiff seeks the following relief: (1) declaring an alleged separation agreement void because of illegality under section 51 of the Domestic Relations Law; (2) declaring the plaintiff to be the owner of certain shares of stock in a co-operative apartment presently in the name of the wife under an alleged agreement that the same would be reconveyed at any time at plaintiff’s request; (3) replevying (a) personal property acquired by the plaintiff prior to the marriage and (b) personal property acquired by the plaintiff after the marriage; (4 and 5) claims for damages in the amount of $1,400 based on defendant’s conduct since June, 1957 and defendant’s failure to return their infant to the United States wherein the plaintiff was compelled to engage in legal proceedings resulting in counsel expenditures; (6) a claim that plaintiff was induced by false and fraudulent representations made by the defendant wife to sign stipulations on various dates in August, 1957, wherein he advanced the sum of $1,295.01 to cover maintenance charges on the co-operative apartment for the months of July, August, and September, 1957, and $431 for October, 1957, with resulting damages in the amount of $1,726.01; (7) a claim that defendant wife has breached the March 10, 1957 separation agreement in many respects, including custodial rights of their infant for which plaintiff seeks a permanent injunction restraining the removal of the infant child from the jurisdiction of this State.
The defendant wife counterclaims, claiming that under the terms of the separation agreement plaintiff agreed to pay, for her support and maintenance and for the support and maintenance of the infant child, the sum of $600 a month for the months of March, April, May and June, 1957, and a minimum sum of $378.33 monthly on the first of each month commencing July 1, 1957; and that plaintiff has failed to make payments since June 1,1957, except for the sum of $100.
The plaintiff has interposed various defenses and offsets to defendant’s counterclaims. The defendant’s attorney originally was a party defendant to these causes of action. At the court’s *601 suggestion, after inquiry as to the necessity for having defendant’s attorney in the proceedings, the action against the attorney was discontinued with prejudice. However, defendant’s attorney counterclaimed, claiming that he rendered legal services on behalf of the wife and child herein, made necessary by plaintiff’s action.
Plaintiff, who incidentally is a practicing attorney in this State, and defendant Gloria S. Marson were married in 1954, and there is one issue of the marriage, a child about two years of age. Sometime in the summer of 1956 differences arose between them. On January 17, 1957, after extended negotiations, a separation agreement was signed by the parties. The agreement of January 17, 1957 was to be held in escrow. The agreement was to be incorporated as part of a divorce decree if obtained by the wife in a State other than New York.
At the time of the signing of this agreement, the plaintiff and defendant while not living together as husband and wife nevertheless remained in the same apartment. Some time prior to March 10, 1957, the original as well as copies of the agreement of January 17, 1957 were turned over to the plaintiff by the escrowee, and the plaintiff in writing stated that the said agreement of January 17, 1957 was void.
On March 10, 1957 the parties appeared at the home of a mutual friend. After many hours of discussion an agreement was executed by the parties which had as its base substantially all of the terms of the agreement of January 17, 1957, except for some changes dealing with payments. Although the plaintiff was an attorney, the defendant wife was not represented by counsel at this conference and at the time of the execution of this agreement. At that time it was not contemplated that the separation agreement was to be held in escrow nor was the same held in escrow.
I find that the parties intended this agreement to be an unequivocal binding separation agreement between them. While the evidence indicates that there was talk of a divorce, I find that this agreement was neither conditioned on the defendant obtaining a divorce in another State, nor was it conditioned in any other manner. It was intended that if, as and when, a divorce was obtained by the defendant wife, the agreement of March 10,1957 was to be embodied in such divorce decree.
It is true that the plaintiff did not actually and physically leave the household until March 11, 1957. But his staying in the apartment in the late evening of March 10 and the early hours of March 11 was due solely to the lateness of the hour and as a matter of convenience for the plaintiff so that he could *602 arrange to gather many of his personal belongings and arrange to move to other quarters, which he did on March 11,1957.
The evidence discloses that the plaintiff carried out the financial obligations of the March 10, 1957 agreement by paying the sum of $600 for each of the months of March, April and May of 1957, but paid only $100 on account for the month of June, 1957. Accordingly, independent of a consideration of the legality of the January 17, 1957 agreement, I find that the agreement of March 10, 1957 is a valid and binding separation agreement between the parties. Thus, plaintiff’s contention that the agreement of March 10, 1957 was void because of illegality under section 51 of the Domestic Relations Law is without basis.
As to plaintiff’s second cause of action, dealing with the stock in the co-operative apartment in the name of defendant wife, I find that the plaintiff has failed to sustain the burden of proof that at the time the stock in the co-operative apartment was delivered to the defendant wife, there was any understanding or agreement for the reconveyance of such stock to the plaintiff upon his request. I accordingly find that the shares of stock in the co-operative apartment rightfully are the property of the defendant wife.
As to the plaintiff’s third cause of action in replevin — except for a few items of personal matters such as some war mementos, certificate of admission and legal documents, more fully referred to as (A) and (C) in plaintiff’s Exhibit 16, I find that the plaintiff has failed to establish that it was ever intended or contemplated that the personal property sought, was to remain, belong to, or become the personal property of the plaintiff. I do find that at all times such property was intended to be the property of the wife as part of the household.
In that regard it is significant that in the month of February, 1957, the plaintiff, prior to witnessing his wife’s will, read his wife’s will; that the said will provides for the disposition of her personal property (some of which is the subject of this cause of action) by the wife to persons other than the plaintiff. I find that the plaintiff, having read the will, and never having raised any objection thereto, he thereby acquiesced in permitting such property to go to his wife. Furthermore, the plaintiff has failed to prove the value of any of the items of personal property sued for herein.
As to the items referred to in (A) and (0) in plaintiff’s Exhibit 16, consisting of some wearing apparel, war mementos, certificate of admission and some legal papers, the plaintiff is entitled to the return of these items. While it has not been satisfactorily established that these items are now in the posses *603 sion of the defendant, and since I find that these items are the property of the plaintiff, unless it can be established that the defendant wife is in actual possession of these items, I am not in a position to direct their return. However, I suggest that in the event any of these items are in the defendant’s possession, she shall return them to the plaintiff.
As to the fourth, fifth, sixth and seventh causes of action, I find that the plaintiff has failed to establish any evidence to justify a recovery on any of these items, and I accordingly find for the defendant wife on all of those causes.
In view of my finding that the agreement of March 10, 1957 is a valid agreement, the defendant wife, accordingly, is entitled to recover for support and maintenance of herself aiid infant as provided for in the agreement, to wit, the balance of $500 for the month of June, 1957, and the sum of $378.33 for each of the months of July, August, September, October, November and December, 1957, making a total of $2,769.98. In this respect I am allowing the pleadings to conform to the proof and I am including amounts up to date in this decision in order to avoid additional litigation.
Defendant’s attorney, Darrow, has rendered legal services on behalf of the defendant, Marson, and the issue of the marriage, which were necessitated in the defense of the within action. I find that the reasonable value of said services is the sum of $3,500. Deducting the sum of $500 that defendant’s attorney, Darrow, has received from defendant, Marson, I find in favor of defendant’s attorney, Darrow, on his counterclaim and against the plaintiff in the sum of $3,000 for moneys that are due the defendant’s attorney for legal services rendered by him as a necessary for the defendant, Marson.
The other defenses and offsets raised by the parties, I also find are without merit.
The parties having waived findings of fact and conclusions of law, the foregoing constitutes the decision of the court, and I direct that judgment be entered accordingly. Settle judgment.