■ RALPH E. MARSON, Appellant, v. GLORIA S. MARSON et al., Respondents.— Judgment unanimously modified on the law and the facts to strike therefrom the sixth decretal paragraph awarding counsel fees to the attorney for defendant wife, and as so modified, in all other respects affirmed, with costs to defendants. The very separation agreement whose validity and enforcibility was defended by the wife in this action expressly provides that she "waives future counsel fees for any purpose". Her attorney undertook the defense with full knowledge of that provision. This was not a matrimonial action within the purview of section 1169 of the Civil Practice Act, and under the circumstances here presented there was no basis for the finding that the legal services were rendered as necessaries for the defendant wife. Settle order. Concur — Botein, P. J., Frank, Valente, Stevens and Bastow, JJ. [9 Misc 2d 599.]

■ BOVE FINISHING COMPANY, INC., Respondent, v. WERTSVILLE INDUSTRIES, INC., Appellant.— This appeal from a judgment entered in favor of the plaintiff after trial (nonjury) is modified on the law and on the facts to the extent of deleting interest on all sums except $263.37, the cost of repairing the rollers, and as so modified is otherwise affirmed, with costs to respondent. This was an action to recover for damages sustained as a result of injury to plaintiff's property. Plaintiff claimed that a machine which it purchased from the defendant under a conditional bill of sale was damaged by certain acts of the defendant; that as a result thereof it was put to certain expense and suffered a loss of profits because of its inability to fill certain orders which it had received. On the trial there was conflicting testimony and the court resolved the issues of fact in favor of the plaintiff. The court could properly award interest on the amount representing the damage sustained to the rollers from the date of the injury. (*Wilson* v. *City of Troy,* 135 N. Y. 96; see, also, *Regan* v. *City of New York,* 175 App. Div. 861; *Johnson* v. *Scholz,* 276 App. Div. 163; cf. *Flamm* v. *Noble,* 296 N. Y. 262.) Interest cannot be awarded on the claimed loss of profit for there is no proof as to when such orders would have been completed and the moneys received. Nor is there sufficient or adequate proof as to the time of the claimed payments to Wickersham Press or Gordon Press so as to award interest thereon. There is proof that monthly installments are being paid to Wickersham Press, but no proof when payment was made to Gordon Press. The disposition is as heretofore indicated. Settle order. Concur — Botein, P. J., Frank, Valente, Stevens and Bastow, JJ.